## MARTIN v. CAPITAL TRANSIT CO.

### No. 9505.

United States Court of Appeals District of Columbia.

Argued Jan. 26, 1948.

Decided May 18, 1948.

Mr. David G. Bress, with whom Mr. Alvin L. Newmyer was on the brief, for appellant.

Mr. Frank F. Roberson, with whom Mr. George D. Horning, Jr., who entered an appearance, was on the brief, for appellee.

Before STEPHENS, CLARK and WILBUR K. MILLER, Associate Justices.

STEPHENS, Associate Justice.

This is a special appeal from an order of the District Court of the United States for the District of Columbia denying a motion under Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A., for the production of a written report. Rule 34 as phrased at the time of the order provided, so far as here pertinent:

> Upon motion of any party *showing good cause therefor* and upon notice to all other parties, the court in which an action is pending may (1) order any party to produce and permit *the inspection and copying* or photographing, by or on behalf of the moving party, *of any designated documents, papers,* books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control . . . . [Italics supplied]

The question presented on the appeal is whether or not under the rule the motion as made should have been granted.

The pertinent facts are: The appellant Walter T. Martin brought suit against the Capital Transit Company, appellee, to recover damages alleged to have been caused through the negligent operation by the appellee's motorman, one Earl M. Davis, of a street car. The appellant charged that Davis opened the front door of the car while it was in motion, thereby striking and injuring him. The appellee denied negligence, denied that the appellant was struck as alleged, and pleaded contributory negligence on the appellant's part.

The motion for production of the written report was in the following terms:

Comes now the plaintiff, Walter T. Martin, by his attorneys, and moves this Honorable Court for an order requiring the defendant, Capital Transit Company, to produce for inspection and copying by the plaintiff of the written report of an accident made in the line of his duties by Earl Maxwell Davis of 1217 Pleasant Street, S. E., Washington, D. C., an employee of the defendant, concerning the accident of May 12, 1945 which is the subject matter of the above entitled action and in which plaintiff was injured. Said report was made immediately after said accident and within the regular course of defendant's business, and as cause therefor plaintiff says as follows:

In a deposition taken of said Mr. Davis on April 11, 1946, he testified that he made a written report to the Capital Transit Company immediately following the accident, pursuant to its standing rule that accident reports be filed by its employees; that at said deposition demand was made on behalf of the plaintiff for production of said report, but the same was not produced; and that plaintiff gave notice to the defendant at that time that appropriate steps by motion would be taken to require its production.

It was apparently claimed before the District Court, and it was urged in the briefs on this appeal, that the report was privileged, but this claim was abandoned by the appellee in the oral argument and we accordingly give it no consideration.

The position of the appellant appears to be that upon filing this motion he was entitled as a matter of right to an order for the production of the report. But we think that for lack of a showing of good cause for the production of the Davis report the order of the District Court denying the motion was proper. Rule 34 authorizes the District Court to order production of documents, papers, etc., upon motion of a party *"showing* good cause," not upon a mere allegation or recitation that good cause exists. The rule contemplates an exercise of judgment by the court, not a mere automatic granting of a motion. The court's judgment is to be moved by a demonstration by the moving party of its need, for the purposes of the trial, of the document or paper sought. This view is confirmed by the Supreme Court in Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. In that case a tug sank while engaged in helping to tow a car float of the Baltimore & Ohio Railroad across the Delaware River at Philadelphia. Five members of the crew were drowned. Hickman, administrator of the estate of one of them, filed suit in a District Court of the United States in Pennsylvania under the Jones Act, 46 U.S.C.A. § 688, naming as defendants the Railroad and the owners of the tug. After the accident a public hearing was held before the United States Steamboat Inspector at which four survivors were examined and their testimony recorded and made available to all interested parties. The tug owners and underwriters had employed a law firm, of which one Fortenbaugh was a member, to defend against potential suits by representatives of deceased crew members. Shortly after the hearing Fortenbaugh privately interviewed the survivors and took signed statements from them. He also interviewed other persons believed to have information concerning the accident and in some instances made memoranda of what they had told him. After Hickman had commenced his suit, he filed under Rule 26, Federal Rules of Civil Procedure, thirty-nine interrogatories directed to the defendant tug owners. The thirty-eighth read as follows:

. . . "State whether any statements of the members of the crews of the Tugs 'J. M. Taylor' and 'Philadelphia' or of any other vessel were taken in connection with the towing of the car float and the sinking of the Tug 'John M. Taylor.' Attach hereto exact copies of all such statements if in writing, and if oral, set forth in detail the exact provisions of any such oral statement or reports." [329 U.S. at pages 498, 499, 67 S.Ct. at page 387]

"Supplemental interrogatories asked whether any oral or written statements, records,

reports or other memoranda had been made concerning any matter relative to the towing operation, the sinking of the tug, the salvaging and repair of the tug, and the death of the deceased. If the answer was in the affirmative, the tug owners were then requested to set forth the nature of all such records, reports, statements or other memoranda." (329 U. S. at page 499, 67 S.Ct. at page 387) The tug owners, through Fortenbaugh, answered all of the interrogatories except the supplemental ones and the thirty-eighth. The District Court entered an order requiring the tug owners and Fortenbaugh, as their counsel and agent, to answer them. They declined to do so upon the ground that what was asked for was beyond the proper scope of the discovery process under the rules. The District Court adjudged them guilty of criminal contempt. The Circuit Court of Appeals reversed this judgment. The Supreme Court affirmed this reversal. In explanation of its decision, the Supreme Court said, so far as here pertinent:

. . . He has sought discovery *as of right* of oral and *written statements of witnesses whose identity is well known and whose availability to petitioner appears unimpaired.* He has sought production of these matters after making the most searching inquiries of his opponents as to the circumstances surrounding the fatal accident, which inquiries were sworn to have been answered to the best of their information and belief. . . . *We are thus dealing with an attempt to secure the production of written statements* and mental impressions contained in the files and the mind of the attorney Fortenbaugh *without any showing of necessity or any indication or claim that denial of such production would unduly prejudice the preparation of petitioner's case or cause him any hardship or injustice.* For aught that appears, the essence of what petitioner seeks either has been revealed to him already through the interrogatories or is readily available to him direct from the witnesses for the asking.

\* \* \*

*In our opinion, neither Rule 26 nor any other rule dealing with discovery contemplates production under such circumstances. That is not because the subject matter is privileged or irrelevant,* as those concepts are used in these rules. Here is simply an attempt, without purported necessity or justification, to secure written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties. As such, it falls outside the arena of discovery and contravenes the public policy underlying the orderly prosecution and defense of legal claims. Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney.

\* \* \*

. . . *Such written statements* and documents *might, under certain circumstances, be admissible in evidence or give clues as to the existence or location of relevant facts. Or they might be useful for purposes of impeachment or corroboration.* . . . *a burden rests on the one who would invade that privacy to establish adequate reasons to justify production through a subpoena or court order. That burden, we believe, is necessarily implicit in the rules as now constituted.*

Rule 30(b), as presently written, gives the trial judge the requisite discretion to make a judgment as to whether discovery should be allowed as to written statements secured from witnesses. But in the instant case there was no room for that discretion to operate in favor of the petitioner. *No attempt was made to establish any reason why Fortenbaugh should be forced to produce the written statements. There was only a naked, general demand for these materials as of right and a finding by the District Court that no recognizable privilege was involved. That was insufficient to justify discovery under these circumstances and the court should have sustained the refusal of the tug owners and Fortenbaugh to produce.* [Italics supplied] [329 U.S. at pages 508–512, 67 S.Ct. at pages 392–394]

■ It is true that Hickman v. Taylor does not directly involve Rule 34, under which the motion to produce was filed in the instant case. But the opinion in that case appears to announce general principles for the guidance of the Federal courts in the application of all of the rules embraced within part V, Federal Rules of Civil Procedure, covering Depositions and Discovery, to wit, Rules 26–37, inclusive. Within those principles the motion to produce in the instant case was insufficient for lack of a showing of good cause. There was no recitation in the motion, and no supporting affidavit, making it appear that any of the considerations italicized in the above quotation from Hickman v. Taylor, or any other considerations showing need for the production of the Davis report, existed.

■ There are in the record on appeal, in addition to the appellant's motion to produce the report of Davis, certain excerpts from the deposition referred to in the motion. These excerpts confirm the statement made in the motion that a written report of the accident was made by Davis, and they show also that two days after the accident he was suspended from duty upon the ground that the accident was avoidable and

that on that account he resigned from his position with the appellee. The deposition from which these excerpts are taken bears a filing date in the District Court prior to the date of the filing of the motion. We will therefore assume, although it is in dispute, that the excerpts from the deposition were called to the attention of the court at the time of its consideration of the motion. It is urged by the appellant that from these excerpts good cause for the production of the Davis report was shown. The argument is that if Davis' written statement were consistent with his deposition, the appellee would probably not have suspended him from duty, from which it is apparently concluded that the court ought to have inferred that the purpose of the motion to produce was that of using the report as a foundation for cross-examination or impeachment. But it was not the duty of the District Court to search out a "good cause" for the production of the report. It was the duty of the appellant explicitly to show in his motion or by a supporting affidavit the need of the report for the purposes of the trial.

Affirmed.