UNITED STATES of America,
Plaintiff,

v.

GREAT NORTHERN RAILWAY COM-
PANY and McCloud River Railroad
Company, Defendants.

Civ. No. 32997.

United States District Court
N. D. California, S. D.

Aug. 4, 1955.

John Lynch, San Francisco, Cal., for plaintiff.

Dunne, Dunne & Phelps, San Francisco, Cal., for defendants.

EDWARD P. MURPHY, District Judge.

This is a suit by the United States against defendant railroad companies for damages and costs incurred by the plain-

tiff in a forest fire allegedly caused by defendants. The record discloses that extensive investigations have been conducted by both sides, that interrogatories have been filed and answered and depositions have been taken.

The defendants now move for the production of certain documents pursuant to Rule 34 of the Fed.Rules Civ. Proc. 28 U.S.C.A., and plaintiff objects to a number of these requests for production. It should be observed at the outset that Rule 34 differs from other devices for discovery provided by the Federal Rules. It differs quite substantially from these other devices in that it requires a showing of good cause before production of documents will be ordered. It is not enough, therefore, to show that the matter sought to be produced would be properly subject to interrogatories or examination by depositions. Some "special circumstances" must exist which suggest that justice will be served by going beyond interrogatories and depositions, and requiring the production of documents or other matter. Alltmont v. U. S., 3 Cir., 1949, 177 F.2d 971. The cases on the point of "special circumstances" or "good cause" have been more explicit in telling us what is not good cause than in telling us what is. Good cause may not be found in "the ordinary situation, where a lawyer would like to examine statements of witnesses procured by the opposing party", or where the moving party has no more than a surmise or suspicion that the documents sought will yield information vital to his case or provide a basis for impeachment of other testimony. See Hauger v. Chicago, Rock Island and Pacific Railroad Company, 7 Cir., 1954, 216 F.2d 501, 507. The Supreme Court has intimated that only where denial of production would "unduly prejudice the preparation of petitioner's case or cause him any hardship or injustice" is a showing of good cause made out. See discussion in Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 392, 91 L.Ed.

451. And, of course, it is only in the most unusual of circumstances that a lawyer will be required to produce his "work product." Hickman v. Taylor, supra. Circumstances calling for the application of Rule 34 may be the unavailability or death of witnesses, the inaccessibility of documents necessary to the preparation of the case (by which is meant something more than convenient for the preparation of the case), an indication of dishonest or false answers in the interrogatories or depositions, or any other circumstance which suggests to the court that the preparation of the case will be unduly hampered without the production requested. Such circumstances, however, must be shown by the petitioner, as the court is not required to "search out" good cause from naked allegations of good cause or relevancy. Martin v. Capital Transit Co., 1948, 83 U.S.App.D.C. 239, 120 F.2d 811. It does not seem conducive to orderly procedure to permit a party to resort first to interrogatories and depositions, and then to seek further or merely corroborative information by means of requests for production of documents.

In the instant case, defendants' Request No. 1 is for a photograph or photographs of the right of way of defendants taken by the government two days after the start of the fire, and for eleven more photographs of the right of way, taken by the government near the point of origin some five weeks after the fire. It appears from the record that defendants' employee, a claims agent with long experience, was on the premises of the fire four days after the start of the fire, and other agents of the defendants visited the area within several weeks. Defendants' trains crossed the right of way daily. No pictures were taken by defendants until some seven or eight months after the fire, although they had ample opportunity to do so earlier. Furthermore, no showing of good cause seems even to be attempted by defendants. They assign the fact

that they cannot duplicate the plaintiff's photographs as reason for the production sought. This does not suffice in the circumstances of this case. The objection to Request No. 1 is sustained.

██ Request No. 3 is for records showing the respective bearings to each other of the lookouts, according to the orientation of the fire-finding instruments and maps at and before the time of the start of the fire. Defendants do not allege that a reasonable basis exists, from the interrogatories or otherwise, for believing that the instruments were not properly oriented and that they desire to impeach the government's allegation as to the point of origin of the fire. Defendants assert that they "cannot ascertain this [whether the instruments were correctly oriented] except from examination of said records." There is not even a surmise or suspicion on defendants' part that these maps and instruments were incorrect, much less a showing of necessity to the preparation of their case. The objection to request No. 3 is sustained.

Request No. 4 is for annual and semi-monthly summaries and reports together with supporting data regarding fires in the Shasta and Modoc forests for the year 1950, during which the fire occurred.[1] In support of this request, the affidavit of Claims Agent Munson states that while inspecting certain documents relating to the Shasta National Forest, he came across and copied the following phrase from a writing supplemental to the regular reports:

"Had we only one major fire to fight during the September bust, we know the Porcupine Fire would have been handled at a smaller acreage, as we would have been able to complete * * *."

██ At this point he was stopped by employees of plaintiff from further copying. This is not the proper time to decide whether this material or its sequel in the writing in question will be considered relevant or admissible on the trial. It does seem, however, that here was a document at least possibly impeaching the government's claims as to the cause of damages incurred in the fire, and that the document was hastily withdrawn from view. Such a set of circumstances satisfies this court that good cause has been shown. Defendants' request, however, is too broad. Munson was examining a number of documents and supporting data relating to the Shasta National Forest when he came upon the phrase in question. These documents are enumerated in paragraph "1" on pp. 3-4 of his affidavit in support of the motion for production of documents. With respect to these documents, together with supporting data, the objection to Request No. 4 is overruled, and the motion to produce is granted. With respect to the remainder of Request No. 4, the objection is sustained.

With respect to defendants' Requests No. 5, 6, 9, 10, 16, 8, 11, 15, 18, 19, and 20, this court finds in the light of the principles and authorities cited above, that no good cause has been shown and that the government's objections thereto are sustained.

1. Other reports requested in No. 4 are non-existent.