Christine SACCO, a minor, by her guardian ad litem and father, Fred Sacco, and Nina Sacco and Fred Sacco, in their own rights, Plaintiffs,

v.

GREYHOUND CORPORATION, Defendant and Third Party Plaintiff (Leo WATSON, Third Party Defendant).

Civ. A. No. 16783.

United States District Court
W. D. Pennsylvania.

Sept. 30, 1959.

Harry Alan Sherman, Pittsburgh, Pa., for plaintiffs.

David B. Fawcett, Jr., of Dickie, Mc-Camey, Chilcote & Robinson, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

Plaintiffs filed a "Motion for Discovery and Production of Documents Pursuant to Rule 34", seeking an order compelling the defendant to produce various documents and to permit plaintiff to inspect the bus involved in the accident out of which this suit arose. The defendant filed objections to certain parts of the motion on the grounds that the items sought were "part of the investigation of the defendant, and therefore privileged".

We think the motion should be denied as to all matters sought by plaintiffs except permission to inspect the bus.

It is not necessary to pass on the question of privilege raised by the defendant since we believe the motion should be denied for the reason that plaintiffs have failed to show good cause for the production of the requested documents.

What plaintiffs here seek, of course, is an *order of court* requiring the defendant to produce certain documents and things for plaintiffs' inspection. However, plaintiffs are not entitled to such an order as a matter of right, but only after a "showing of good cause" therefor. Alltmont v. United States, 3 Cir., 1950, 177 F.2d 971, 972. The fact that the defendant did not timely raise the question of good cause is, we believe, immaterial. Naturally, if the defendant does not object to producing the documents and things requested, it may do so and plaintiff would not need an order of court compelling the production, but if the plaintiffs require an order of court under Rule 34, then they must comply with the requirements of that rule.[1]

Plaintiffs made two attempts to comply with the requirement of showing good cause. The first was contained in an affidavit of counsel attached to the motion, itself, in which counsel stated, in effect, that the documents and things sought to be produced were in the custody and control of the defendant and were necessary to a just disposition of the within cause. This was obviously inadequate since it contained simply the unsupported conclusions of counsel and afforded no facts upon which the court could base its exercise of discretion. See Martin v. Capital Transit Co., 1948, 83 U.S.App.D.C. 239, 170 F.2d 811, at page 812, where the Court states:

> "Rule 34 authorizes the District Court to order production of documents, papers, etc., upon motion of a party '*showing* good cause,' not upon a mere allegation or recitation that good cause exists. The rule contemplates an exercise of judgment by the court, *not a mere automatic granting of a motion.* The court's judgment is to be moved by a demonstration by the moving party of its need, for the purposes of the trial,

of the document or paper sought. This view is confirmed by the Supreme Court in Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451." (Second emphasis supplied.)

After this matter was called to the attention of the plaintiffs' attorney several days prior to argument, at the direction of the court, with a view to avoiding a useless argument, plaintiffs' counsel on September 19, 1959, after the time fixed for argument, i. e., September 14, 1959, filed an additional affidavit. The facts alleged in this affidavit from which good cause could be found related only to one item requested, i. e., the accident report filed with the defendant by James Gloeckner, operator.

The allegation with respect to the accident report of the bus driver is that he "failed to appear upon hearing for deposition set for March 12, 1959 by stipulation of counsel and has not since that date agreed to appear and give testimony in regard to the matters sought upon discovery."

We are of the opinion that this allegation does not show good cause. It does not appear, for instance, that James Gloeckner was subpoenaed for the hearing and ignored the subpoena; it does not appear that Gloekner's address is unknown to the plaintiffs, or, if known, that he refused to be interviewed after a bona fide attempt was made by plaintiffs to do so. In short, plaintiffs have failed to demonstrate that "there are special circumstances in [their] particular case which make it essential to the preparation of [their] case and in the interest of justice that the [report] be produced for * * * inspection or copying." Alltmont v. United States, supra, 177 F. 2d at page 978.

As to the request that they be permitted to inspect and photograph the

---

1. Rule 34, Fed.R.Civ.P., 28 U.S.C.A., provides that the moving party must show "good cause" for an order to produce and permit the inspection, etc., of any documents "not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control. * * *"

interior of the bus, the brake mechanisms, the mirrors, windshield and lights thereof, we believe that plaintiffs have made an adequate showing of good cause, for it is reasonable to believe that information concerning the operating condition of the bus involved in this accident can only be obtained by an inspection of the bus which is, of course, in the defendant's custody and control.

### Order of Court

And now, to-wit, this 30th day of September, 1959, after due consideration of the parties' briefs on plaintiffs' "Motion for Discovery and Production of Documents Pursuant to Rule 34", it is ordered that the motion be and the same hereby is denied as to Items 1, a–f, inclusive, and granted as to Item 2.

It is further ordered that at the Greyhound Bus Station in Pittsburgh, Pennsylvania, on Monday, the 12th day of October, 1959, at 9:00 A.M., E.D.S.T., defendant shall produce the bus involved in the accident and permit entry therein by plaintiffs or their duly constituted representatives for the purpose of inspection, measuring, or photographing the interior, mechanism, and appliances.