Bernice M. CROWE, Plaintiff,

v.

**CHESAPEAKE AND OHIO RAILWAY COMPANY, Defendant.**

Civ. A. No. 20583.

United States District Court
E. D. Michigan, S. D.

Dec. 5, 1961.

Feikens, Dice, Sweeney & Sullivan, Detroit, Mich. (John Feikens, Detroit, Mich., of counsel), for plaintiff.

Walter A. Kleinert and Robert A. Straub, Detroit, Mich., for defendant.

McCREE, District Judge.

This matter is before the court on motion by plaintiff for production of documents under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The action arises from a collision between an automobile in which plaintiff was a passenger and a train operated by defendant railroad. In response to interrogatories, defendant's attorney indicated that written statements had been taken from five named members of the train crew. Plaintiff seeks to have these statements produced.

An affidavit by plaintiff's counsel states that his client is unable to recall the

facts and circumstances of the accident; that the driver of the automobile died as the result of injuries sustained in the collision; that the only known eyewitnesses are the crewmen whose statements are sought; that the accident occurred almost eighteen months ago; that the statements of the crewmen were taken immediately thereafter; and that these persons are still employed by defendant and are "in a position of hostility to the claim of plaintiff". The affidavit further states that the statements are relevant to the issues in the cause and are not privileged or within the work product rule; that it would be fruitless for plaintiff or her counsel to attempt to interview defendant's employees; that production of the statements will facilitate the trial of the cause; and that denial of discovery would unduly hinder the preparation of plaintiff's case.

Defendant filed objections to the motion asserting that plaintiff has failed to establish good cause for an order requiring production of the statements since there is no showing that plaintiff has been unable to interview the crewmen or that they are unavailable for depositions. Although defendant further asserted in its written objections that the statements had been taken at the express request of its claims attorney in anticipation of litigation, its counsel conceded during oral argument that for the purpose of decision on the motion there is no claim of work product exemption. Defendant argues in substance that the requirement of good cause in Rule 34 casts a burden upon the moving party to show special circumstances warranting production, and that plaintiff has failed to sustain this burden since the persons whose statements are sought are readily available to be interviewed or deposed, and that whatever plaintiff seeks to learn can be discovered by such means.

Plaintiff contends that interviews or depositions of the crewmen will not assure a full disclosure of all the facts known to them. In the first place, their written statements, contemporaneous with the collision, are more likely to be accurate than their present recollection of the event. Secondly, common experience warrants an assumption that the crewmen will be antagonistic and guarded in any statements they might make to plaintiff's counsel. Thirdly, since there are no other eyewitnesses to the collision, plaintiff's counsel would be handicapped in formulating appropriate questions and in covering all the relevant aspects of the occurrence unless he has the benefit of the written statements. Plaintiff urges that the totality of circumstances stated in the affidavit in support of her motion affords good cause for the desired discovery.

The question thus presented is whether a sufficient showing of good cause has been made by plaintiff. Cases in support of each party's position have been cited to the court, and the reported decisions in similar fact situations are indeed in conflict. Allowing discovery: Guilford National Bank of Greensboro v. Southern Ry. Co., 24 F.R.D. 493 (M.D.N.C.1960), Brown v. N. Y., New Haven Rr. Co., 17 F.R.D. 324 (S.D.N.Y.1955), Herbst v. Chicago, Rock Island & Pacific R. Co., 10 F.R.D. 14 (S.D.Ia.1950), Hughes v. Pennsylvania Rr. Co., 7 F.R.D. 737 (E.D. N.Y.1948), Morrone v. Southern Pacific Co., 7 F.R.D. 214 (S.D.Cal.1947), Thomas v. Pennsylvania Rr. Co., 7 F.R.D. 610 (E.D.N.Y.1947). Denying discovery: Alltmont v. United States, 177 F.2d 971 (3d Cir. 1949), Martin v. Capital Transit Co., 170 F.2d 811 (D.C.Cir. 1948), McSparran v. Bethlehem-Cuba Mines, 26 F.R.D. 619 (E.D.Pa.1960), Bennett v. New York Cent. Rr. Co., 9 F.R.D. 17 (W.D.N.Y.1949), Reeves v. Pennsylvania Rr. Co., 8 F.R.D. 616 (D.Del.1949), Berger v. Central Vermont Ry., 8 F.R.D. 419 (D.Mass.1948).

At one pole is the view that "good cause" may be equated with relevance. Under this view, in the absence of a

showing of prejudice by the opposite party, discovery would be allowed virtually as a matter of course. See e. g., Houndry Process Corp. v. Commonwealth Oil Refining Co., 24 F.R.D. 58 (S.D.N.Y. 1959). The opposite position is that "good cause" is a requirement wholly distinct from relevance, and requires a showing of *special* circumstances which necessitate or justify production. See e. g. McSparran v. Bethlehem-Cuba Iron Mines Co., 26 F.R.D. 619 (E.D.Pa.1960).

The difficulty with the relevance-is-good-cause approach is that it interprets a portion of Rule 34 as redundant and thereby violates elementary canons of construction. The main objection to the good-cause-requires-special-circumstances treatment is that it reintroduces the sporting aspect which the Federal Rules were thought to have excised from judicial proceedings.

The restrictive view on production claims the authority of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1946). However, the Hickman case does not sanction a narrow reading of Rule 34 in situations not involving an attorney's work product. The Supreme Court expressly acknowledged the beneficial purposes of the discovery rules as follows: "We agree, of course, that the deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." 329 U.S. at 507, 67 S.Ct. at 392. The Supreme Court would doubtless have ordered production except for the fact that the case presented another aspect. Under the facts of the case the court was required to seek an accommodation between two competing interests: that of safeguarding the privacy of an attorney's thought processes, and that of assuring a full disclosure of relevant information. "It is not without reason that various safeguards have been established to preclude unwarranted excursions into the privacy of a man's work. At the same time, public policy supports reasonable and necessary inquiries. Properly to balance these competing interests is a delicate and difficult task." 329 U. S. at 497, 67 S.Ct. at 387. The resolution worked out by the Court was to require one who would invade the privacy of an attorney's work product to "make a proper showing, of the necessity for the production of any of this material or [a] demonstration that denial of production would cause hardship or injustice." 329 U.S. at 509, 67 S.Ct. at 393.

In the case before us, unlike Hickman, there is lacking the competing interest of privacy (the defendant having disclaimed work product). Accordingly, there is no reason to impose on the moving party the onerous burden of demonstrating necessity. Indeed, to do so would be incompatible with the philosophy of pre-trial discovery expressed by the Supreme Court in the Hickman case and with the mandate of Rule 1 that the Federal Rules "shall be construed to secure the just, speedy, and inexpensive determination of every action."

If the requirement of "good cause" in Rule 34 was intended to make production the exception instead of the rule, the Supreme Court in Hickman did not need to approve the novel work product doctrine to deny discovery. It could simply have said that plaintiff having failed to show necessity or other special circumstance had failed to establish good cause. That the court regarded the problem before it as posing "a delicate and difficult task" is indicative of the special nature of work product and not of a restrictive design in Rule 34.

Without more, discovery should not be less available where relevant, non-privileged information is contained in a document than when such information is lodged in the memory of a witness. The federal rules relating to

discovery must be read in pari materia, Hickman v. Taylor, 329 U.S. 495, 505, 67 S.Ct. 385, 91 L.Ed. 451, and all these rules should be interpreted and applied in light of their well-known purposes. Rule 34 is no more or no less restrictive than Rule 26 or 33. In view of the liberal spirit of the rules, the court should be disposed to grant such discovery as will accomplish full disclosure of facts, eliminate surprise, and promote settlement. What must be shown under the requirement of good cause in Rule 34 are such circumstances as give the court reason to expect that the beneficial objectives of pre-trial discovery will be achieved.

█ If significant countervailing considerations appear, of a sort not unlike those which justify protective orders under Rule 30(b), then indeed a balance of the competing interests must be struck and something "special" must be shown by the movant. Thus in some instances the obligation of showing good cause may be satisfied with ease and in other instances not at all.

█ Applying the standard of good cause as stated above to the case at hand, it is apparent that the beneficial objectives of pre-trial discovery will be promoted by directing the production of the statements of defendant's crewmen. Plaintiff should know what these eyewitnesses said shortly after the accident happened. When both parties are apprised of all facts pertaining to a case, the issues can be narrowed, the trial shortened, surprise avoided, and the chances for a fair and amicable settlement enhanced. Defendant has not demonstrated that prejudice would result from ordering production of the statements or that there are competing interests in the case that justify non-disclosure. The availability of the crewmen for depositions is not in this instance a factor which militates against discovery of their statements. An order may be presented in accordance with this opinion.