**ROCKAWAY PIX THEATRE, INC.,**
**Plaintiff,**
**v.**
**METRO-GOLDWYN-MAYER, INC.,**
**et al., Defendants.**
**No. 60-C-1092.**

United States District Court
E. D. New York.
Aug. 12, 1964.

---

1. 24 F.R.D. 1 (S.D.Tex.1959).

Joseph A. Ruskay, New York City, for plaintiff.

Donovan, Leisure, Newton & Irvine, New York City, for defendants; Peter Gartland, New York City, of counsel.

MISHLER, District Judge.

Plaintiff, Rockaway Pix Theatre, Inc., moves pursuant to Rule 34 of the Federal Rules of Civil Procedure for an order requiring defendants to produce, and permit the inspection and copying of, certain specified documents.

■■ Rule 34, unlike other discovery procedures, requires the party seeking inspection to show "good cause therefor". And the party seeking discovery, although not having a formal burden of persuasion, must go forward and establish that "good cause" is extant. Hickman v. Taylor, 1945, 3d Cir., 153 F.2d 212, aff'd, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; United Air Lines, Inc. v. United States, 1960, D.Del., 26 F.R.D. 213; Beler v. Savarona Ship Corp., 1939, E.D.N.Y., 26 F.Supp. 599.

What constitutes "good cause," however, has been the subject of much controversy. Compare Guilford Nat'l Bank of Greensboro v. Southern Ry., 1962, 4th Cir., 297 F.2d 921, cert. denied, 1964, 375 U.S. 985, 84 S.Ct. 518, 11 L.Ed.2d 473 with Crowe v. Chesapeake & Ohio

Ry., 1961, E.D.Mich., 29 F.R.D. 148. See 4 Moore, Federal Practice ¶ 34.08 (1950). To satisfy that requirement many courts require a showing that documents to be produced are material and relevant, Leven v. Birrell, 1952, S.D.N.Y., 13 F.R.D. 341, or that they will aid in the preparation of the case or facilitate proof at trial. Gordon v. Pennsylvania R.R., 1946, E.D.Pa., 5 F.R.D. 510, 511; Piorkowski v. Socony Vacuum Oil Co., 1940, M.D.Pa., 1 F.R.D. 407. Other courts require, in addition, a showing of special circumstances. Guilford Nat'l Bank of Greensboro v. Southern Ry., supra; United States v. Great Northern Ry., 1955, N.D. Calif., 18 F.R.D. 357. In most cases a showing that the information requested is not obtainable through the taking of depositions or interrogatories would constitute special circumstances. It should be noted, however, that courts that have equated relevancy with good cause also consider the availability of information through use of other discovery procedures. E. g., Uncle Ben's, Inc. v. Uncle Ben's Pancake House, Inc., 1962, S.D. Tex., 30 F.R.D. 506; Crowe v. Chesapeake & Ohio Ry., 1961, E.D.Mich., 29 F.R.D. 148; see 2A Barron & Holtzoff, Federal Practice & Procedure § 796 (1961).

■ It has often been said that the Federal Rules are to be viewed with liberality, Hickman v. Taylor, 1947, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451. This Court, in accord with that view and with the modern trend, agrees with the position of those courts that tend to equate "good cause" with relevancy and materiality. Connecticut Mut. Life Ins. Co. v. Shields, 1955, S.D.N.Y., 17 F.R.D. 273, 277 (Kaufman, J.).

■■ Furthermore, all sources of information should be made available regardless of expense, Michel v. Meier, 1948, W.D.Pa., 8 F.R.D. 464, and the mere fact that production would be onerous or inconvenient is not, per se, grounds for denial of a Rule 34 motion. Jack

Loeks Enterprises, Inc. v. W. S. Butterfield Theatres, Inc., 1952, E.D.Mich., 13 F.R.D. 5. But when utilization of discovery procedures has been great, rigid control, to avoid harassment, must be maintained.

■ Since the guidelines set forth are general in nature, this Court must exercise its discretion taking into account practical convenience and the facts of the particular case. See 4 Moore, Federal Practice ¶ 34.08 (1950).

■ Defendants are to produce, to the extent the named documents are in their possession, custody and control, the following documents:

*Request B(i) and (ii)*

As to the Distributor Defendants Metro-Goldwyn-Mayer, Inc., Loew's, Inc., Twentieth Century-Fox Film Corporation, RKO Teleradio Pictures, Inc., Columbia Pictures Corporation, Warner Bros. Pictures, Inc., Warner Bros. Pictures Distributing Corporation, Paramount Pictures Corporation, Paramount Film Distributing Corporation, Universal Pictures Company, Inc., Universal Film Exchanges, Inc., United Artists Corporation, Buena Vista Film Distribution Co., Inc. and 449 Central Ave. Corporation and Charles B. Moss:

(i) Any and all letters or other communications and memoranda, including interoffice memoranda, of the distributor defendants or of the operators of the Gem or Central Theatres, or between any distributor defendant and the operator of either of said theatres, or any representative thereof, referring to, or dealing in part or in whole with the run, clearance, availability or playing position of the Gem Theatre, or of the Central Theatre; or with the removal, reduction or change of clearances of any theatres over the Gem or Central during the period January 1, 1949 through December 31, 1954.

(ii) Any and all bids, requests for bidding, invitations to bid, bidding applications, exhibition licenses granted as the

result of bidding, of or pertaining to the Central Theatre, Cedarhurst, Strand Theatre, Far Rockaway, the Columbia Theatre, Far Rockaway, or any of them; and any and all letters or other communications, including interoffice memoranda, pertaining thereto, in whole or in part, during the period January 1, 1949 through December 31, 1954.

*Request C(i) and (ii)*

As to RKO Theatres, Inc. and Glen Alden Corporation:

(i) The annual, quarterly and other periodic profit and loss statements of the Strand and Columbia Theatres for the period 1950–1959 inclusive; and

(ii) Any and all books, documents and records showing the annual, monthly and weekly gross receipts net after admission taxes, and the annual, monthly and weekly number of admissions or patrons of said theatres during said period.

Request A(i) and (ii) is denied for the following reasons:

█ Plaintiff has sought the production of certain cut-off cards of the distributor defendants. It is stated that "the purpose of production of these cut-off cards is to establish the play dates, grosses and film rentals of" named theatres "from the defendants' own records * * *." Plaintiff apparently desires to copy defendants' records so as to authenticate and complete a chart it is preparing. This Court would be disposed to grant such a request since the number of cards to be produced by each defendant, under the circumstances, is small and there is "good cause therefor". But plaintiff, in interrogatories filed June 18, 1963, required the distributor defendants to state the run, clearance and availability of all theatres covered by the instant application. While a statement as to gross receipts was not there requested it could have been. There is no need for production when the answers to interrogatories should provide the information sought. See Dipson Theatres,

Inc. v. Buffalo Theatres, Inc., 1948, W.D. N.Y., 8 F.R.D. 86. See Crowe v. Chesapeake & Ohio Ry., 1961, E.D.Mich., 29 F.R.D. 148.

Settle order on two (2) days notice.