Opal I. VAUGHN, Guardian of the Person and Estate of Johnnie B. Vaughn, Plaintiff,

v.

CHRYSLER CORPORATION, a corporation, and Dodge National Corporation, a division of Chrysler Motors Corporation, a corporation, Defendants.

Civ. No. 68-362.

United States District Court
W. D. Oklahoma.

Feb. 3, 1969.

Gus Rinehart, of Rinehart, Morrison, Cooper & Stewart, Oklahoma City, Okl., for plaintiff.

Clarence P. Green and Mickey James, Oklahoma City, Okl., for intervening plaintiff.

William G. Smith, of Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Okl., for defendants.

## MEMORANDUM OPINION

EUBANKS, District Judge.

The plaintiff seeks to recover for personal injuries and the intervening plaintiff for property damages resulting from a truck accident alleged to have been caused by a defective steering mechanism on the truck at the time it was sold by defendants. The plaintiffs, in response to inquiries, were advised that defendant, since the accident, had made certain tests of "the steering column universal joint body" and that it was found "to perform satisfactorily, with no evidence of any defect in material." The plaintiffs, pursuant to Rule 33, by interrogatories, secured the names of the persons in charge of each test, the date and place of the tests, the items tested, and the defects which the tests were designed to reveal. Plaintiffs then specifically inquired: "What were the results of the tests?" Defendants objected to that interrogatory and said objection was sustained by order of this court dated December 2, 1968. Other interrogatories disclosed that written reports covering the tests had been prepared by defendant's experts. The plaintiffs now seek to obtain the reports for copying pursuant to Rule 34 on Motion for the Production of Documents. Defendant responds that "good cause" for the motion has not been shown and that the reports are "privileged."

It is to be observed generally that the Rules governing discovery are vague. Each decided case appears to have turned on its facts. The problem of setting the boundary limits of discovery is a constant one.

There is nothing mandatory about the discovery provisions of the Rules. On the contrary, the purpose and intent is evident throughout to leave their application to the discretion of the trial court—not, of course, an absolute discretion but one controlled and governed, not only by statutory enactments and the well-established rules of the common law, but also by considerations of policy and of necessity, propriety and expediency in the particular case at hand. Judge Kirkpatrick in U. S. v. Kohler, E.D.Pa.1945, 9 F. R.D. 289.

It may be observed further generally that under Rule 34 it is not the duty of the court to search out a "good cause" for the production of the documents sought. It is the duty of the moving party explicitly to show in his motion or by a supporting affidavit that "good cause" exists for the production of the document. Martin v. Capital Transit Co., 1948, 83 U.S.App.D.C. 239, 170 F.2d 811.

Finally it may be observed generally that a showing that the docu-

ment sought exists is not equivalent to "showing good cause therefor" because it does not satisfy the qualifying adjective. The adjective "good" specifies the quality of the showing which the movant must make as a condition precedent to moving the court to grant the motion. Each motion for the production of documents must be evaluated by the circumstances which are made to appear from the pleadings and that evaluation rests in the sound discretion of the court. The court's decision ultimately is no more than a comparative evaluation of competing claims.

■ The question at hand is whether plaintiffs have shown cause sufficient to require an order for production under Rule 34. The Rule provides that: "Upon motion of any party *showing good cause therefor * * *"*. [Emphasis supplied.] A showing of "good cause" must affirmatively appear. It is a condition precedent to the granting of the motion by the court. The burden of showing the condition precedent is on the movant. He encounters it at the threshold of the Rule. He assumes it by filing his Motion for Production. His mere statement, without more, that he is entitled to relief sought in that he will be prejudiced if the document be not produced, does not suffice.

■ The Motion in the case at hand is not sufficient. It describes the reports sought and recites that they are in the hands of the defendant, and then recites that *"each of the documents (reports) constitutes or contains evidence relevant and material to this case,* or as more fully shown in Exhibit 'A' which is attached hereto." The language underscored relates to the relevancy of the reports and *does not show good cause.* A showing of good cause for the Motion must precede any showing of relevancy of the document sought.

Plaintiff's assertion that the reports "contain evidence relevant and material to this case" does not satisfy "good cause". The relevancy of the documents sought is one factor. It goes to the scope and materiality of the document sought while "showing good cause" is a condition precedent to the granting of the Motion. The two are different. The specifics are not identical. To equate "relevancy", which is only one specific of the document sought, with "showing good cause" which is a condition precedent to granting the Motion, would render the "relevancy" requirement redundant. In Martin v. Capital Transit Co., supra, the Court said:

> Rule 34 authorizes the District Court to order production of documents, papers, etc., upon motion of a party "showing good cause," *not upon a mere allegation or recitation that a good cause exists.* The rule contemplates an exercise of judgment by the court, *not a mere automatic granting of a motion.* The court's judgment is to be moved by a demonstration by a moving party of its need, for the purposes of trial, of the document or paper sought. This view is confirmed by the Supreme Court in Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. [Emphasis supplied.]

■ Absent any showing of "good cause" in the Motion, we turn now to the Affidavit annexed to the Motion. It alleges firstly that plaintiffs "do not have the proving grounds or the other facilities at their disposal in which to conduct similar tests to those conducted by the defendants." This hardly suffices as "showing good cause". In Hoagland v. T. V. A., E.D.Tenn.1963, 34 F.R.D. 458, the plaintiff sought the production of the written report of a metallurgist who had examined the brake band of a hoist that allegedly had caused the alleged injuries. The affidavit of plaintiff's counsel therein stated, "that plaintiff has been severely limited in the financial resources necessary to make a proper investigation of the facts preparatory to the trial of the lawsuit." There, as here, the plaintiff insisted

that the liberality of the discovery rules required the production of the report sought. The court held to the contrary.

■ The supporting Affidavit annexed to the Motion in the case at hand alleges secondly, that:

Plaintiffs believe that defendant will use the results of the tests in their denial of liability on this cause of action. In order for plaintiffs *to adequately prepare for trial*, it is necessary that they be allowed to examine and copy the written reports. Unless plaintiffs are allowed to inspect and copy the written reports, they *will not be in a proper position to rebut* the results of the tests which were conducted.

These recitals in the supporting Affidavit do not constitute "showing good cause". In Sacco v. Greyhound Corporation, D.C.W.D.Pa.1959, 24 F.R.D. 257, in denying a like motion, the Court said:

What plaintiffs here seek, of course, is an *order of court*, requiring the defendant to produce certain documents and things for plaintiffs' inspection. However, plaintiffs are not entitled to such an order as a matter of right, but only after a 'showing of good cause' therefor. Alltmont v. United States, 3 Cir., 1950, 177 F.2d 971, 972 * * * if the plaintiffs require an order of court under Rule 34, then they must comply with the requirements of that rule. [Emphasis *not* supplied.]

Plaintiffs made two attempts to comply with the requirement of showing good cause. The first was contained in an affidavit of counsel attached to the motion itself, in which counsel stated, in effect, that the documents and things sought to be produced were in the custody and control of the defendant and were necessary to a just disposition of the within case. This was obviously inadequate since it contained simply the unsupported conclusions of counsel and afforded no facts upon which the court could base its exercise of discretion. p. 259.

In Hauger v. Chicago, Rock Island & Pacific Railroad Co., 216 F.2d 501, at 505, the Circuit Court of Appeals for the Seventh Circuit said:

A court is not justified in ordering production of documents simply on the theory that the facts sought are material and are not privileged. * * * Production of documents will not be ordered merely to help counsel prepare himself to examine witnesses and to make sure he has overlooked nothing. Hickman v. Taylor, 329 U.S. at p. 513 [67 S.Ct. 385].

In Atlantic Coast Line R. Co. v. Daugherty, 1965, 111 Ga.App. 144, 141 S.E.2d 112, the state court held that a bare conclusion that production of statements of witnesses was "absolutely necessary" was not a sufficient showing of good cause. In Carpenter-Trant Drilling Company v. Magnolia Petroleum Corporation, D.C.Neb.1959, 23 F.R.D. 257, the court refused to grant defendant discovery of the reports of experts employed by plaintiff in preparing his case. The Court said:

The mere hope that the defendant might be able to use these reports to impeach the experts is not sufficient good cause. p. 263.

A showing that plaintiffs do not know what is in the reports or that same may be needed to prepare rebuttal proof is not a showing of "good cause". Plaintiffs are already aware that the reports do not relate to tests covering the particular "steering mechanism" that was on the truck which the plaintiff was operating at the time of the alleged accident and alleged injuries. Plaintiffs already know generally the results of the tests because it appears from letter attached to the Affidavit they were advised in advance of the filing of the Motion that:

The steering column universal joint body which was alleged to have been the cause of the accident has been

thoroughly tested and was found to perform satisfactorily, with no evidence of any defect in material. (Letter dated January 29, 1968, from Carl G. May, Manager Truck Field Service Operations, Dodge Truck Operations, Chrysler Corporation)

A motion to require production was denied in a stronger case. The plaintiff unsuccessfully sought the production of reports of experts of defendant under Rule 34 in Stovall v. Gulf & S.A.S.S. Co., S.D.Tex., 1961, 30 F.R.D. 152. There, unlike here, defendant's experts had tested and examined the broken element alleged to have caused the injuries. In denying the motion to produce the reports of the defendant's experts, the Court said:

Where, as here, defendants are willing to make available to plaintiff, the piece of metal in question, defendant argues plaintiff must first show why he cannot conduct his own tests before he should be permitted to discover defendant's reports. * * *

'The court should not ordinarily permit one party to examine an expert engaged by the adverse party, or *to inspect reports prepared by such expert,* in the absence of a showing that the facts or information sought are necessary for the moving party's preparation for trial and *cannot be obtained by the moving party's independent investigation or research.* 4 Moore's Federal Practice, Sec. 26.24, p. 1158. [Emphasis supplied.]

Following the quotation above given the Court in the Stovall case, supra, said:

Based on this criteria, defendant's objection to plaintiff's request under Rule 34 will be sustained. Plaintiff has made no showing of good cause. p. 155.

Likewise here the showing is insufficient and defendant's objection must be sustained. There is no showing that the reports will be used by defendant on trial or that there is danger of loss, destruction or mutilation if they be not produced for duplication by plaintiff. There is no showing whether the "steering mechanism", which was tested and respecting which reports were filed, is simple or elaborate, whether it consists of a few or many parts, or whether it is non-intricate or complex. There is no showing that the tests covered by the reports required any special devices which are peculiar and available to the defendant and which are not available to experts other than those of defendant. There is no showing that adequate proving grounds, proper testing apparatus, or competent experts are not available to the plaintiffs. There is no showing of what the expense would be if plaintiffs should engage their own experts. In fact, it may well be that experts of the plaintiffs have already conducted limited or extensive tests of the very steering mechanism which was an integral part of the truck being operated by plaintiff at the time of the alleged accident. There is no showing that tests by experts of the plaintiffs are in progress, or, if not, whether such are contemplated. If tests have been made already by plaintiffs experts and reports filed, there is no offer by plaintiffs to make said reports available to defendant. It is to be noted that plaintiffs had the steering mechanism involved removed by its agent from the truck immediately following the alleged accident and that it was in their possession from the date of the alleged accident until this Court granted defendants' Motion for Production of Parts for Inspection, on January 21, 1969.

The foregoing considerations lead the Court to conclude that "good cause" for granting the motion is not shown. Therefore, the Order of the Court, dated January 29, 1969, that plaintiffs' Motion for Production of Documents be, and the same was denied. The Court expresses no opinion (1) on whether the reports sought are relevant, or (2) whether the same are privileged. Those matters re-

late to the instruments sought to be produced and were not reached by the Court.

The Clerk of this Court is directed to mail a copy of this Memorandum Opinion to counsel of record.