**Anastassios STAMATAKOS**

v.

**HUNTER SHIPPING COMPANY, S. A.**
**Civ. A. No. 68–1094.**

United States District Court
E. D. Pennsylvania.
July 1, 1969.

Morris M. Shuster, Philadelphia, Pa., for plaintiff.

Rawle & Henderson, Philadelphia, Pa., for defendant.

## OPINION

WEINER, District Judge.

Presently before the court is plaintiff's request under Federal Rule of Civil Procedure 34, for the production of statements of seamen who were aboard defendant's vessel. On the day of plaintiff's accident, defendant obtained statements from the vessel's chief mate, a wiper, a fireman and an oiler.

There can be no doubt that the court has the power to require defendant to produce these statements upon a showing of good cause. Reynolds v. United States, 192 F.2d 987 (3d Cir. 1951), rev'd on other grounds, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1952). However, the cases indicate that there is a good deal of doubt in determining the existence of good cause. The guideline enunciated by the Third Circuit necessitates an examination to discover if "special circumstances" make it essential to the preparation of the party's case to see and copy the documents sought. "In appraising for this purpose the circumstances of a particular case, the district court is necessarily vested with a wide discretion". Reynolds v. United States, 192 F.2d at 991–992.

Plaintiff alleges, in support of its contention that good cause exists, that defendant has in its possession statements of individuals taken the day of the accident who are foreign nationals, who speak a foreign language, who work at sea and from ports in a foreign land and are thus unavailable.

It should be noted that defendant has previously filed a motion to dismiss in which one of the primary con-

tentions was the difficulty and inconvenience of obtaining information due to the existence of witnesses who are Greek citizens. Plaintiff, in successfully defending against this motion argued that he chose the forum and would abide by the inconvenience. To allow plaintiff to satisfy the good cause requirement by pleading this inconvenience and thus swing both edges of the sword at defendant seems grossly unfair. Furthermore, the mere conclusory allegation that the witnesses are unavailable is in our opinion insufficient under the instant circumstances. Though an affidavit in support of a Rule 34 motion is not indispensible, it is generally agreed that the better practice is to provide one, this seems especially true in light of the facts of this case. Goosman v. Duie Pyle, Inc., 320 F.2d 45, 53 (4th Cir. 1963).

Thus, at the present time we are left with the question of whether or not the fact that the statements were obtained on the day of the accident in and of itself satisfies the good cause requirement. The Third Circuit's decision in Reynold v. United States, supra, has been relied upon to support the rule that where the statements requested are shown to have been obtained at the time of the accident, the good cause requirement has been satisfied. Goosman v. Duie Pyle, Inc., 320 F.2d at 50; Guilford National Bank of Greensboro v. Southern Ry. Co., 297 F.2d 921, 926 (4th Cir. 1962). See also People of State of California v. United States, 27 F.R.D. 261 (N.D.Calif.1961); 4 J. Moore, Federal Practice ¶ 34.08, at 2452 (2d ed. 1950). In the above cases, opposing counsel had no opportunity to question the witnesses until weeks or months later. We are not aware of the time plaintiff's counsel was brought into the case or when he began his investigation or when he discovered the existence of the witnesses or their statements. Again, we should note that this case indicates the necessity for supporting affidavits.

In discussing the above mentioned rule we are mindful of Judge Wood's well reasoned opinion in McSparran v. Bethlehem-Cuba Iron Mines Co., 26 F.R.D. 619 (E.D.Pa.1960). Judge Wood noted the lack of unanimity in this area among the members of this Court as well as the members of the bar. The Court approved a flexible rule which would deny a motion for production of documents where the witnesses themselves are available to the party and can be interrogated or examined and stated:

> "Being fully mindful of the purposes of the discovery rules in seeking justice, promoting disclosure and limiting surprise, we are not constrained to rule that the "good cause" provision of Rule 34 is virtually meaningless. We believe it means just what it says and in the absence of stated facts and the lack of general conclusions which would persuade us to believe that with due industry the plaintiff cannot properly prepare his case, he is not entitled to have for his copying statements obtained through proper investigatory endeavor by his adversary". *Supra*, at 622.

In light of the foregoing principles, we feel that plaintiff has failed to satisfy the "good cause" requirement. However, after further efforts by plaintiff to secure the necessary information to enable him to prepare his case and with the aid of affidavits concerning the time sequence of the statements and his own involvement in the investigation of the case, it is possible that plaintiff may indeed satisfy the "good cause" requirement in the future. Because of this and because we are convinced that the discovery rules should be interpreted liberally, that they should not be interpreted or utilized so as to make a game out of them, but with the goal of seeking full disclosure in order to facilitate a meaningful trial, we will not prevent plaintiff from reinstituting this motion at a later time.

**26**

## ORDER

Plaintiff's motion for the production of documents under Rule 34 is denied without prejudice.

It is so ordered.