## MOLLOY v. TRAWLER FLYING CLOUD, Inc.

### Civ. A. No. 8858.

United States District Court
D. Massachusetts.

Feb. 20, 1950.

James L. Haley, Boston, Mass., for plaintiff.

Thomas H. Walsh, Boston, Mass., for defendant.

McCARTHY, District Judge.

Plaintiff's motion to inspect a statement given by him to "the defendant, its agents, servants or representatives in the investigation of the accident upon which this suit is based and which was procured prior to the institution of this suit" came before the court and was allowed, with memorandum of decision, on January 17, 1950. Defendant then moved for a rehearing of the motion in order to clarify certain facts upon which the legal conclusion allowing the motion was based.

Upon the arguments and representations of counsel, and without hearing evidence, I originally found that the statement in question in the files of the defendant's attorney was "mere verbatim recordation of plaintiff's account of the alleged accident", "taken by one of the attorney's employees", and did not "involve the attorney's mental impressions, conclusions, and opinions, legal theories, or personal beliefs", and was not a "work product" of the attorney. I also found good cause for the production of the statement under Rule 34, Fed. Rules Civ. Proc. 28 U.S.C.A.

After hearing witnesses, viz., the plaintiff and the attorney-associate of defendant's counsel who took the statement, I

must agree that, as defendant states it, there was "an erroneous or unclear presentation of the controlling factual situation involved in this motion."

 From the evidence presented I find that there was no "mere verbatim recordation" but, rather, that the statement as it now appears is the result of information drawn from the plaintiff in an investigating interview by the questioning of an attorney in preparation of a case which might come to trial. If the plaintiff had merely dictated a statement to a person in the attorney's office, as I had originally thought the fact to be, then, given good cause, I am still of the opinion that the court has the requisite discretion to make a judgment as to whether discovery should be allowed as to such a statement. Such a verbatim recordation can hardly be said to differ from a written statement secured from a witness, discovery of which for good cause may be allowed. Hickman v. Taylor, 329 U.S. 495, 512, 67 S.Ct. 385, 91 L.Ed. 451. But in the instant case the attorney did more than merely record, verbatim, the plaintiff's statement. The statement recorded was, at least to some extent, the product of the attorney's questioning and part of the "work product" of the defendant's counsel which is protected under the Hickman case, supra.

 Even if the statement were not part of the "work product", I am unable to find on the evidence that good cause exists for its production. At the original hearing on the motion I was impressed by the representations of plaintiff's attorney in this regard. But, after observing the plaintiff testify, I find that he knew that he was in a law office, that the person who interviewed him was an attorney, that the completed "statement" was read back to him, and, in summation, that he has adequate knowledge of all that transpired at the interview. Such being the case, I find no cause sufficient to order production of the statement.

In accordance with the above, I revoke my original allowance of the motion, withdraw my memorandum of decision dated January 17, 1950, as inapplicable to the proven facts, and deny plaintiff's motion to inspect, etc.