**Audrey STURM, Fred C. Sturm, Plaintiffs,**

v.

**The GREAT ATLANTIC & PACIFIC TEA COMPANY, Defendant.**

Civ. No. 4709.

United States District Court, D. Connecticut.

March 26, 1954.

be determined after the number and the authors of such statements are revealed by answers to the other interrogatories.

The objection to Interrogatory 5(d) is sustained without prejudice to its renewal in whole or in part after receipt of the answers to the other interrogatories.

---

Leo Parskey, Benjamin Rabinovitz, Hartford, Conn., for plaintiffs.

James B. Hallett, Warren Maxwell, Hartford, Conn., for defendant.

SMITH, Chief Judge.

This is a personal injury action arising out of a fall in defendant's store.

Under Rule 33, 28 U.S.C.A., plaintiff addressed interrogatories to defendant, in one of which, 5(d) to which objection is made, plaintiff requests a copy of each statement, oral or written, given defendant or any employee of defendant or any representative in defendant's behalf, in connection with the case.

The request should have been made under Rule 34 since it asks production of documents from a party. We may consider it as made under that Rule. This, however, raises the question of whether good cause is shown.

Insofar as the request calls for statements to counsel and for reconstruction of oral statements, a strong showing of cause is necessary, not made here. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.

As to written statements made to defendant itself or its employees the same considerations may not apply and a slight showing of cause may suffice. Whether any cause for their production can be shown here, however, may better