**392**

Helen SACHSE, Plaintiff,

v.

W. T. GRANT COMPANY, Defendant.

Civ. No. 6491.

United States District Court
D. Connecticut.

April 20, 1961.

---

Norton M. Levine, New Haven, Conn., for plaintiff.

John D. Fassett, of Wiggin & Dana, New Haven, Conn., for defendant.

TIMBERS, District Judge.

Plaintiff moves, pursuant to Rule 34, Fed.R.Civ.P., 28 U.S.C.A., for discovery and production of documents.

The action is brought to recover damages for personal injuries claimed to have been sustained on January 3, 1956 by plaintiff as a result of slipping and falling while a business invitee on the premises of defendant's store located in New Haven, plaintiff claiming that her fall was due to the negligence of defendant in its maintenance of that portion of the premises upon which she fell.

Jurisdiction is based on diversity of citizenship, plaintiff being a citizen of Connecticut and defendant a citizen of Delaware.

By the instant motion plaintiff seeks an order requiring defendant to produce and permit the inspection and copying or photographing of the following documents:

"All statements taken by Defendant, or its agents, servants or employees, or its public liability insurer, from witnesses to the accident in the above case, and relative to the facts and circumstances thereof; including but not limited to, statements from certain servants, agents or employees of Defendant The W. T. Grant Company, known as Walter Garrison, Mrs. R. Champagne, and Albert J. Thibodeau."

At the time of the argument of the motion, plaintiff's counsel limited plaintiff's motion to require defendant to produce the statements of the following three persons who were employed by defendant in its New Haven store at or about the time of the accident: Walter Garrison, Mrs. Rose Champagne and Albert J. Thibodeau.

An earlier motion, in which plaintiff sought the same relief, was denied by Judge Anderson on October 21, 1959. Plaintiff's counsel has filed an affidavit in support of the instant motion stating, with reference to Judge Anderson's denial of the earlier motion, as follows:

"On October 21, 1959, the same Motion being filed now was a part of Plaintiff's previous Motion For Disclosure. At that time, the Court

denied without prejudice that part of Plaintiff's Motion For Production of said employees' statements, subject to Plaintiff's right to renew said Motion, if Plaintiff found that said witnesses were unavailable, hostile, etc."

In support of the instant motion plaintiff also has filed an affidavit by an attorney associated with plaintiff's counsel stating that, subsequent to Judge Anderson's denial of plaintiff's earlier motion, said attorney communicated with the three prospective witnesses. Mr. Garrison told the attorney that he did not remember the facts concerning the accident. Mrs. Champagne refused to discuss the case with the attorney, referring him to defendant's insurance carrier. Mr. Thibodeau said that he could not remember taking care of the lady who had fallen on defendant's premises on January 3, 1956 and could not supply the attorney with any information.

The Court holds that plaintiff has made a sufficient showing of good cause for the granting of this motion; indeed, plaintiff has established more than the "slight showing of cause" required. Sturm v. Great Atlantic & Pacific Tea Co., D.C.D.Conn.1954, 16 F.R.D. 476, 477.

While there is some precedent for the denial of plaintiff's motion on the ground that she first should take the depositions of the witnesses and seek to obtain copies of their statements by means of subpoenas duces tecum under Rule 45, such procedure here would serve only to promote circuity of pre-trial discovery proceedings, accompanied by unnecessary expenditure of time and money. On this precise point, Professor Moore states (4 Moore's Federal Practice, ¶ 26.23, p. 1143 (2d Ed. 1950)):

"Certainly the party should be allowed to inspect the statements of witnesses where he has been unable to interview them himself or where they have refused to talk, and he should not in ordinary circumstances be forced to take the depositions of the witnesses as an alternative to inspection of their statements."

Moreover, prior to her earlier motion for production of the statements here sought, plaintiff took the depositions of the merchandise manager of defendant's New Haven store and the resident claims manager of defendant's insurance carrier. By subpoenas duces tecum served on these witnesses, plaintiff called for production of the Garrison, Champagne and Thibodeau statements. Defendant's counsel at the taking of the depositions objected to production of the statements, as a result of which plaintiff has not seen them.

Under these circumstances, plaintiff's motion is granted. Defendant is ordered to produce at the offices of defendant's attorneys in New Haven, within one week from the date of this decision, for inspection, copying or photographing by plaintiff or her attorney, any and all statements by Walter Garrison, Mrs. Rose Champagne and Albert J. Thibodeau. The expenses of copying or photographing the statements are to be borne by plaintiff.