264

**Herman DIAMOND, d.b.a. Mohawk Tire Sales, Plaintiff,**

**v.**

**The MOHAWK RUBBER COMPANY, Defendant.**

**Civ. A. No. 7735.**

United States District Court
D. Colorado.

July 18, 1963.

Donald E. LaMora and H. T. McGarry, Colorado Springs, Colo., for plaintiff.

Holland & Hart, William C. McClearn, Denver, Colo., for defendant.

DOYLE, District Judge.

This matter is before the Court on plaintiff's motion to produce under Rule 34 of the Federal Rules of Civil Procedure.

Contained in the motion is a request to produce for inspection and copying "All written statements given by Donald D'Arcy to defendant relative to Herman Diamond concerning the establishment of (a) distributorship and (b) a warehouse at Colorado Springs, Colorado and (c) otherwise the subject matter of this litigation, and particularly (d) the written statement given recently to defendant at Denver by Donald D'Arcy." Defendant has objected to producing this statement.

D'Arcy was employed by the defendant during the period of time with which this litigation is concerned. At present he resides in California.

In his affidavit in support of his motion, plaintiff's attorney states that during his investigation he learned that D'Arcy knew certain facts relevant to the case. He contacted D'Arcy several times by phone; that D'Arcy's attitude was hostile, stating that all he knew had been given in a statement to defendant's attorney. Plaintiff interviewed D'Arcy in California but again the latter reiterated that all the information he had concerning the case was contained in the statement previously given to defense counsel, and he made no statement to plaintiff.

Plaintiff maintains that the statement is relevant to the subject matter of this case and is not privileged, even though taken by defense counsel as a part of his trial preparation.

Defendant's objection to production is on the ground that the statements are protected because they are "Attorney's work product", and not of the quality contemplated by discovery procedures. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451.

Attorney for the defendant, by way of affidavit, states that he became aware of plaintiff's intention to use D'Arcy as an adverse witness at the pre-trial conference. Subsequent to that conference, defense counsel arranged for D'Arcy to come to Denver from California for the purpose of interview looking to this litigation. D'Arcy's statement was taken in the office of defense counsel. It was reduced by a shorthand reporter and was later transcribed. D'Arcy later wrote a letter to defense counsel containing material also deemed relevant to the case. To the best of his knowledge, defendant's attorney asserts these are the only statements made by D'Arcy to defendant or defendant's attorneys.

The issues for determination are: 1) whether plaintiff has shown "good cause", and 2) whether or not the statements sought are within the scope of discovery.

Rule 34 of the Federal Rules of Civil Procedure provides:

"Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control; * * *."

The assertion that the material sought is relevant evidence, standing alone, has been held not to be a showing of good cause. Guilford National Bank of Greensboro v. Southern Ry. Co. (4 Cir., 1962), 297 F.2d 921; Williams v. Continental Oil Co. (10 Cir., 1954), 215

F.2d 4; Mitchell v. Bass (8 Cir., 1958), 252 F.2d 513.

In the instant case, plaintiff telephoned the witness several times and personally interviewed him in California, and on each of these occasions the witness was allegedly hostile, uncooperative, and offered no information to the plaintiff other than commenting that what he knew of the subject matter he had already stated to defense counsel in Denver. Defendant seeks to vitiate this circumstance by noting that plaintiff had the opportunity to take the witness' deposition while interviewing him but did not do so.

Guilford National Bank of Greensboro, supra, treated the issue of "good cause" as it operates in a motion to produce. In that case, the moving party sought production of witness' statements given to officers of the railroad on the day of the accident. The Court found that plaintiff had not shown good cause to support the motion since the only circumstances asserted were that the statements would be relevant and that most of the witnesses were employees of the defendant railroad and would more than likely be hostile. There was no showing that plaintiff ever attempted to obtain a statement from any of the witnesses. Thus, that case parallels the case at bar in several respects; i. e., the evidence is deemed relevant and the witnesses are employees of the defendant company. It is important to note however, that in Guilford the movant did not attempt to interview the witnesses, whereas here the plaintiff did seek interviews on several occasions. In dealing with this aspect, the Court said, 297 F.2d at page 926:

> "* * * Although we recognize that an employee may be subject, either consciously or unconsciously, to a feeling of loyalty towards his employer which could color his statements to opposing counsel, nevertheless, it is not a sufficient showing of good cause to allege only that the written statements were made by employees of the defendant. See

Hauger v. Chicago, Rock Island & Pac. R. R., 216 F.2d 501 (7 Cir. 1954); Martin v. Capital Transit Co., 83 U.S.App.D.C. 239, 170 F.2d 811 (1948). * * * The case might be different if the plaintiff had taken depositions of the employee-witnesses, or at least interviewed them. Then perhaps he might be in a position to say that the employees were reluctant to speak freely with him, or were openly hostile, * * *. Although the requirement of good cause is more easily satisfied when witnesses are employees than in the usual case, some specific showing should nonetheless be made. * * *" [Emphasis supplied.]

It might be argued that although D'Arcy was an employee of defendant during the period of time with which this case is concerned he was not in defendant's employ when plaintiff or defense attorneys talked with him, nor is he now so employed. Plaintiff asserts, however, that defendant is aiding the witness in obtaining employment. Defendant does not deny this.

█ Thus, implicit in the Guilford decision, are the requirements that a party seeking production of witness' statements taken by defendant's attorney, must show a relationship between the witness and defendant, that interviews were attempted and these interviews revealed hostility and lack of cooperation on the part of the witness. See also Brookshire v. Pennsylvania Ry. Co. (D.C. Ohio, 1953), 14 F.R.D. 154; 4 Moore's Federal Practice 2454, ¶34.08 and cases cited.

█ Defendant contends that since plaintiff had the opportunity to take D'Arcy's deposition while interviewing him in California, and did not do so, he should not now be allowed to inspect the statements. The fact that plaintiff did not take the witness' deposition while interviewing him is not a significant attack upon the good cause issue.

" \* \* \* Certainly the party should be allowed to inspect the statements of witnesses where he has been unable to interview them himself or where they have refused to talk, and he should not in ordinary circumstances be forced to take the depositions of the witnesses as an alternative to inspection of their statements. \* \* \* " 4 Moore's Federal Practice 1416, ¶26.23[8.–2]; citing Sachse v. W. T. Grant Co. (D. Conn., 1961), 27 F.R.D. 392; Newell v. Capital Transit Co. (D.D.C., 1948), 7 F.R.D. 732.

■ The moving party, plaintiff in this instance, has adequately met these conditions and has, therefore, established "good cause" as required by the rule.

■ We must now determine whether or not the posture of these statements, as they are in the hands of the attorney for the defendant, are the "work product of the attorney", and thus protected by Rule 34. Such a determination is a matter of discretion. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; 4 Moore's Federal Practice 1431, ¶26.38 [8.–3], and cases cited.

The question posed can not be answered by mere reference to general principle. It demands careful consideration and evaluation of the facts. Bifferato v. States Marine Corp. of Delaware, D.C., 11 F.R.D. 44; 4 Moore's Federal Practice, 1431.

In his affidavit in opposition to this motion, the attorney for the defendant states: "On April 23, 1963, I met in my office with Mr. D'Arcy, discussed with him his knowledge of the subject matter of this litigation, and took, by means of a certified shorthand reporter, a written statement regarding such knowledge. The only reason Mr. D'Arcy came to Denver and the only reason I met with and took a statement from him was because of the subject litigation and was for the purpose of preparing for the trial of this action."

Defendant cites Molloy v. Trawler Flying Cloud, Inc., D.C., 10 F.R.D. 158, for the proposition that although a statement is taken by a stenographer in the presence of an attorney, the fact that the witness' statement was the result of skillful questioning by the attorney would make them a "work product" and not capable of discovery. There are several distinguishing aspects of that case which must be noted. There, the statement sought was made by the person demanding its production, there was no good cause shown, and the statement was a product of questioning. It does not appear that the subject statement was the product of questioning. All three features are lacking in the present case.

The Court in Molloy, was rehearing a motion to produce which it had previously granted. At page 159 of 10 F.R.D., the Court said:

" \* \* \* If the plaintiff had merely dictated a statement to a person in the attorney's office, as I had originally thought the fact to be, then, given good cause, I am still of the opinion that the court has the requisite discretion to make a judgment as to whether discovery should be allowed as to such a statement. *Such a verbatim recordation can hardly be said to differ from a written statement secured from a witness, discovery of which for good cause may be allowed.*" Citing Hickman v. Taylor, supra. [Emphasis supplied.]

■■ Here, there is no assertion that the statement given by D'Arcy to the defense attorney was the result of skillful questioning by the attorney, in which case the statements might be withheld from discovery as the attorney's "work product." See Molloy v. Trawler Flying Cloud, Inc., supra; nor are these statements made orally by a witness and reduced to writing by the attorney, precluding their discovery. See Connecticut Mutual Life Ins. Co. v. Shields (S.D. N.Y., 1954), 16 F.R.D. 5; Vilastor-Kent

Theatre Corp. v. Brandt (S.D.N.Y., 1956), 19 F.R.D. 522; Cf. Wilson v. Borchard, 122 N.W.2d 57 (Mich.Sup.Ct. 1963).

It would appear from the defense attorney's affidavit that the statements given him by the witness D'Arcy are no more than a narrative of the facts within his knowledge.

The Court, in Hickman v. Taylor, supra, recognized that a fine balance has to be struck between protecting the skills and work of the lawyer and the necessity for uncovering facts in the interests of substantial justice. At page 510 of 329 U.S., at page 393 of 67 S.Ct., the Court said:

"   *   *   *   it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. *   *   * This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways—*   *   *."

With respect to the policy considerations underlying discovery, the Court continued on page 511 of 329 U.S., on page 394 of 67 S.Ct.:

"   *   *   * Where relevant and non-privileged facts remain hidden in an attorney's file and where production of those facts is essential to the preparation of one's case, discovery may properly be had. Such written statements and documents might, under certain circumstances, be admissible in evidence or give clues as to the existence or location of relevant facts. Or they might be useful for purposes of impeachment or corroboration. And produc-

tion might be justified where the witnesses are no longer available or can be reached only with difficulty. Were production of written statement and documents to be precluded under such circumstances, the liberal ideals of the deposition-discovery portions of the Federal Rules of Civil Procedure would be stripped of much of their meaning. *   *   *."

In striving for the desired balance, the liberal attitude toward allowing discovery must be limited by imposing the burden of showing good cause on the person demanding production of materials.

Plaintiff here has adequately shown the good cause necessary to support his motion. Denial of this motion would give defendant an unfair advantage; it would effectively lock up information which might prove highly probative. To compel plaintiff to take the deposition of a hostile witness could also prove prejudicial. Therefore, it is

ORDERED that the defendant comply with the requirement of Interrogatory No. 11 as contained in plaintiff's motion to produce.