## CIRCUIT COURT OF THE CITY OF RICHMOND

Rose Ann Putnam, Adm'x, etc.

    v.

Charles Schulz et al.

April 3, 1985

Case No. LG 1820

By JUDGE MELVIN R. HUGHES, JR.

Dr. Leeann Deal has petitioned the Court to order the plaintiff to provide her with her previously tape recorded interview prior to her deposition. Plaintiff objects on the ground of work product.

This proceeding is a medical malpractice claim. Dr. Deal, a non party, was interviewed several years ago by plaintiff's counsel prior to the time suit was brought.

She relies on Rule 4:1(b)(3) which states, with the pertinent part underlined, as follows:

(3) Trial Preparation: Materials.

Subject to the provisions of subdivision (b)(4) of this Rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this Rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including his attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his

case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

A party may obtain without the required showing a statement concerning the action or its subject previously made by that party. Upon request, *a person not a party may obtain without the required showing a statement concerning the action or its subject matter previously made by that person. If the request is refused, the person may move for a court order.* The provisions of Rule 4:12(a)(4) apply to the award of expenses incurred in relation to the motion. For purposes of this paragraph, a statement previously made is (A) a written statement signed or otherwise adopted or approved by the person making it, or (B) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

The Rule distinguishes between discovery sought between parties of documents and things; discovery between parties of statements made by parties; and discovery of statements by persons not parties. With these distinctions, the Rule applies and relaxes requirements for disclosure depending on the things requested and the persons making the request.

Plaintiff relies on cases which define the work product rule and describe situations where work product applies. Typically, as highlighted in the copies of cases plaintiff has provided the Court in support of its memorandum in opposition, we find this statement in *Virginia Electric and Power Company* v. *Sun Shipbuilding & D. D. Co.*, 68 F.R.D. 397, 401 (1975):

Witnesses' statements, for instance, have frequently been held "work product" when taken by the attorney or by his agent or investigator.

The cases cited are not concerned with the language of Rule 4:1(b)(5), and are not interpreting and applying the distinctions made out by the Rule. Rather, they involve situations where the Court is defining the scope of work product in discovery between parties or defining work product in connection with investigative procedures outside the discovery rules framework. *Diamond* v. *The Mohawk Rubber Company*, 33 F.R.D. 264 (1983), is an example of the former and *Upjohn Co.* v. *United States*, 449 U.S. 383, 66 L.Ed.2d 584, 101 S. Ct. 677 (1981), is an example of the latter. The statements cited in the various cases is good law, but does not apply in view of the plain meaning of the language used in the Rule.

Accordingly, the petition is granted subject to counsel for Dr. Dean submitting an appropriate sketch for order consistent with this result preserving plaintiff's exceptions. Counsel should provide for a blank space for the allowance of fees in connection with the petition which, if I recall correctly, involved a total of three hours time.