Jacob **LICHTER** and Jennie **L.** Lichter, d/b/a Southern Fireproofing Company 907 Federal Reserve Bank Bldg., Cincinnati 2, Ohio, Plaintiffs,

v.

**MELLON–STUART COMPANY,**
Defendant.

**Civ. A. No. 17082.**

United States District Court
W. D. Pennsylvania.

Dec. 2, 1959.

Davis C. Burroughs, Jr., Moorhead & Knox, Pittsburgh, Pa., for plaintiffs.

Charles F. C. Arensberg, Patterson, Crawford, Arensburg & Dunn, Pittsburgh, Pa., for defendant.

Paul Breidenbach, Cleveland, Ohio, for Federal Reserve Bank of Cleveland.

MARSH, District Judge.

The matter here under consideration is plaintiffs' "Motion To Require Production of Documents". The lawsuit out of which this motion arose is, in brief, an action by plaintiffs, subcontractors, against defendant, prime contractor, to recover damages for delays allegedly occasioned to the subcontractor in the course of his work and for alleged interference by the defendant with the normal progress of such work. The prime contract was between defendant and the Federal Reserve Bank of Cleveland for alterations and additions to the latter's building in Pittsburgh, Pennsylvania.

Plaintiffs subpoenaed one Charles E. Houpt, assistant cashier of the Pittsburgh branch of the Federal Reserve Bank of Cleveland to testify at the taking of a deposition, and by said subpoena required him to bring with him, inter alia:

"2. All correspondence, communications and interchanges in writing between Charles C. Arensberg, Charles F. C. Arensberg and/or any attorney of the law firm of Patterson, Crawford, Arensberg & Dunn, and the Federal Reserve Bank of Cleveland, having to do with the completion of the above described project and the final payment thereof and, further, particularly, all such correspondence, communications and interchanges in writing having to do with Southern Fireproofing Company, Cincinnati, Ohio, the above named plaintiffs in connection with said project."

At the deposition Mr. Houpt refused to produce the subpoenaed documents, all of which were prepared by legal counsel for the defendant and counsel for the Federal Reserve Bank, and thereupon it was stipulated by the parties and counsel for the Federal Reserve Bank:

"* * * that the matter be put on the argument list before the Court * * * for the Court to determine whether such correspondence between * * * [counsel for the Federal Reserve Bank and counsel for the defendant] with reference to the matters stated in Item 2 of the subpoena duces tecum would have to be produced, and at such argument the privileged character of the correspondence, its relevancy to the issues and whether or not it was disclosable would be the issues. * * *"

Pursuant to the stipulation, the instant motion was filed.

Although we believe the proper procedure would have been "some form of motion to set aside the subpoena made in advance on proper notice * * *", see North v. Lehigh Valley Transit Co., D.C.E.D.Pa.1950, 10 F.R.D. 38, 39, in the light of the stipulation and in order to avoid further delay, we consider the matter on its merits.

At oral argument, plaintiff's counsel said he was willing to stipulate that the documents came into existence after this suit was filed. In Hickman v. Taylor, 329 U.S. 495, at page 511, 67 S. Ct. 385, at page 393, 91 L.Ed. 451, the Court stated:

"Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. * * * This work is reflected, of course, in inter-

views, statements, memoranda, *correspondence,* briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways —aptly though roughly termed by the Circuit Court of Appeals in this case as the 'Work product of the lawyer.' " (Emphasis supplied.)

We think that the documents here in question clearly constitute the lawyers' work product despite the fact that some of the documents were prepared by counsel for the Federal Reserve Bank which is not a party to this suit. The nature of the documents sought and the relation which the Federal Reserve Bank bears to a party in this suit, we think, fairly indicate that those documents were prepared "with an eye toward" litigation and as such they also are protected by the rule. See Hickman v. Taylor, supra, 329 U.S. at page 511, 67 S.Ct. at page 393; Vilastor-Kent Theatre Corp. v. Brandt, D.C.S.D.N.Y.1956, 19 F.R.D. 522; Connecticut Mut. Life Ins. Co. v. Shields, D.C.S.D.N.Y.1954, 16 F.R.D. 5.

Therefore, in our opinion, the motion should be denied for the reason that the documents here sought constitute the work product of the lawyers for the defendant and the Federal Reserve Bank, and the plaintiffs have not satisfied the court of the necessity for the production of the documents or that a denial of their production would unduly prejudice plaintiffs' preparation of their case or cause them any hardship or injustice. Hickman v. Taylor, supra; see also, Alltmont v. United States, 3 Cir., 1950, 177 F.2d 971. In short, we believe that the plaintiffs have not made the requisite showing of good cause to justify an order requiring the production of the type of documents here sought.

■ Little need be said as to plaintiffs' attempt to show the requisite good cause. In their motion plaintiffs simply state, in effect, that the documents are necessary for the proper preparation of their case for trial in that they "may reveal facts or admissions against interest

on the part of the defendant contractor. \* \* \* " And in a separate affidavit filed by one of the plaintiffs subsequent to the oral argument, affiant states that the documents " \* \* \* are probably relevant and material to plaintiffs' case and that the information in said documents is not available from any other source". He further states that he believes that the documents contain admissions of liability to plaintiffs by defendant. Plaintiffs have certainly not shown that the requested documents contain necessary facts not readily obtainable by other means of discovery, and while we may readily concede that any admissions against interest made by the defendant's lawyer which might be contained in the documents are not available from any other source, that surely does not justify an order requiring that the documents be produced. What was said in the Hickman case, supra, 329 U.S. at page 510, 67 S.Ct. at page 393, is particularly apropos here:

> "Here is simply an attempt, without purported necessity or justification, to secure written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel *in the course of his legal duties.* As such, it falls outside the arena of discovery and contravenes the public policy underlying the orderly prosecution and defense of legal claims. *Not even the most liberal of discovery theories can justify unwarranted inquires into the files and the mental impressions of an attorney."* (Emphasis supplied.)

See also, Alltmont v. United States, supra, 177 F.2d at page 978.

■ Plaintiffs have simply shown that the proof of their case might be facilitated by examination of the written matter contained in private correspondence between lawyers, one of whom represents the defendant. If such matter should contain admissions and information helpful to plaintiffs, without doubt

such were written or received by the defendant's lawyer in the process of investigating, assembling facts and data, and preparing for the defense of this lawsuit and need not be revealed to the opposition.

The motion will be denied.