Hendriks Johannes VOLKENBURG, ppa

v.

NEDERLAND–AMERIK. STOOMV. MAATS.

Civ. A. No. 63–492.

United States District Court
D. Massachusetts.

Oct. 2, 1963.

Harry Kisloff, Thomas E. Cargill, Jr., Boston, Mass., for plaintiff.

John T. Riley, Leo F. Glynn, Boston, Mass., for defendant.

WYZANSKI, District Judge.

Defendant has moved to dismiss plaintiff's complaint which in Count 1 alleges

a claim under the Jones Act, in Count 2 alleges a claim under the general maritime law, in Count 3 alleges a claim under the Dutch law, and in Count 4 alleges a claim under alternatively the general maritime law and Dutch law. The first three of these counts each seeks recovery for the same personal injuries; the fourth count seeks recovery for cure and maintenance. The reasons defendant assigns for his motion are:

"A. That the court decline jurisdiction upon the grounds of forum non conveniens.

"B. That, in the alternative, the action be dismissed because of the failure of the plaintiff to plead the applicable foreign law of the kingdom of the Netherlands.

"C. The plaintiff's complaint failed to state a cause of action within the jurisdiction of this honorable court."

Plaintiff, who is a minor, sues by his next friend or guardian ad litem. Their counsel admit that both of them are citizens and residents of the Netherlands and are now there and that defendant is a corporation organized under Dutch law and having its principal office in the Netherlands. The alleged accident on which the claims are based occurred in a darkened hold of a ship, apparently of Dutch registry, at a time when it was in Boston harbor. So far as appears the vessel was in the course of a voyage beginning and ending in a foreign country, presumably Holland.

No suggestion was made that any witness to the alleged accident, or to the condition of the hold, or to any aspect of defendant's liability, if any, is a United States citizen or resident or even temporary visitor; nor that any part of the contract for the employment of plaintiff or of the shipping articles regulating his employment is governed by United States law.

Plaintiff's counsel urge that this is an appropriate forum to hear the claims, first, because the injury occurred on maritime waters in this District and, second, because after his injury plaintiff was hospitalized in the Brighton Marine Hospital in Boston so that in this District there are not merely the records of treatment but also probably the residences of at least some of the doctors who have treated plaintiff.

This Court concludes that the first two counts should be dismissed on the merits for failure to state a cause of action and that the remaining counts should be dismissed on the ground of forum non conveniens.

■ Count 1 presents no problem. Romero v. International Terminal Operating Co., et al., 358 U.S. 354, 381–384, 79 S.Ct. 468, 485–486, 3 L.Ed.2d 368 and Lauritzen v. Larsen, 354 U.S. 571, 73 S. Ct. 921, 97 L.Ed. 1254, "preclude the assertion of a claim under the Jones Act", (see 358 U.S. 354, 384, 79 S.Ct. 468, 486, 3 L.Ed.2d 368) "in an action involving an injury sustained in an American port by a foreign seaman on board a foreign vessel in the course of a voyage beginning and ending in a foreign country", (see Romero v. International Terminal Operating Co., et al., 358 U.S. 354, 381, 79 S.Ct. 468, 485, 3 L.Ed.2d 368). Compare Note, 73 Harv.L.Rev. 84, 126, 147.

■ When such an action is brought the appropriate course is for the District Court to deny the Jones Act claim on the merits. (Romero v. International Terminal Operating Co., et al., 358 U.S. 354, 382, note 53 and 384 first full paragraph, 79 S.Ct. 468, 485, 3 L.Ed.2d 368.) But this denial of the Jones Act claim on the merits leaves the District Court free to consider whether, with due regard to the doctrine of forum non conveniens, it should take jurisdiction and apply the relevant foreign law. Note, 73 Harv.L. Rev. 84, 126, 147, second full paragraph. Cf. Moutzouris v. National Shipping & Trading Co., D.C., 196 F.Supp. 482, 483.

■ Count 2 alleges that the plaintiff suffered injuries which give rise to "claims under the general maritime law." If what is meant is that plaintiff has claims under that aspect of general mari-

time law which is applied as part of the law of the United States, then those claims must be denied on the merits. Romero v. International Terminal Operating Co., et al., 358 U.S. 354, 382, note 53, second sentence, 79 S.Ct. 468, 485, 3 L.Ed.2d 368. If what is meant is that plaintiff has claims under that aspect of general maritime law which is applied in the Netherlands, such claims are set forth in Count 3 and are dealt with immediately hereafter.

■ Count 3 sets forth plaintiff's personal injury claims under the Dutch law. This United States District Court is not a convenient forum for the adjudication of those Dutch claims because there are no American parties involved, there is no indication that within the United States there is any witness to the alleged liability, there is no suggestion that there is unavailable to plaintiff in the Netherlands, where he and the guardian ad litem now are, both a forum and a right of action or other remedy, and there is no showing of any undue hardship on plaintiff in requiring that he resort to a Dutch tribunal which is presumably better fitted than this Court to understand Dutch rules of law and Dutch contracts, and to measure "the seaman's actual loss in the context of standards prevailing in his own society" (see Note, 73 Harv.L.Rev. 84, 126, 147, first full paragraph). Hence the third count must be dismissed on the ground of forum non conveniens.

■ Count 4 must also be dismissed on the ground of forum non conveniens. This fourth count seeks recovery on a claim for cure and maintenance, not on personal injury claims based on negligence or unseaworthiness or the like. Note 73 Harv.L.Rev. 84, 126, 147 proposes that a foreign seaman, employed by and injured on a foreign vessel, who is treated in the United States for his injury, should be entitled to recover in American courts for maintenance and cure, inasmuch as "compensation of the injured seaman would further the local interest in assuring payment of American residents who had furnished medical and other services occasioned by the wrongdoing." See Note 73 Harv.L.Rev. 84, 126, 147.

Theoretical and practical considerations militate against the proposal. Under the Romero doctrine, plaintiff has no right to recover under any substantive rule of United States law as it now stands: not under the Jones Act, nor so much of the general maritime law as is incorporated in United States law, nor so much of the cure and maintenance rules as are incorporated in United States law. Plaintiff's right to recover, if any, must be premised on a claim based on such cure and maintenance rules as are incorporated in Dutch law.

■ Perhaps the Dutch rules resemble the American rules with respect to cure and maintenance. If they are similar, then, presumably, most seamen, such as plaintiff, who are injured in the port of Boston would have no sizeable claim for so much of their claim as related to "cure." "Cure" does not include a right to recover for medical and hospital treatment which has been furnished at some one else's expense. Johnson v. United States, 333 U.S. 46, 68 S.Ct. 391, 92 L.Ed. 468; Calmar S. S. Corp. v. Taylor, 303 U.S. 525, 531, 58 S.Ct. 651, 654, 82 L.Ed. 993; Gomes v. Eastern Gas and Fuel Associates, D.Mass., 127 F.Supp. 435, 437. Nor does it include a right to recover even what the seaman himself has spent for medical and hospital care, if such care was adequate and available at a marine or public health hospital. Calmar S. S. Corp. v. Taylor, supra; Bailey v. City of New York, S.D. N.Y., 55 F.Supp. 699, 703. Inasmuch as in Boston there is a Public Health Service Hospital, a seaman, like plaintiff, injured in this port and cared for here is hardly ever entitled to recover a substantial judgment for cure. As to maintenance, seamen, like plaintiff, may have substantial claims, but such claims are subject to calculations which may be easier for a Dutch than for an American tribunal. If the Dutch rule, like the American rule, is that an injured seaman gets maintenance "comparable to that to which the seaman is entitled

while at sea", (see Calmar S. S. Corp. v. Taylor, 303 U.S. 525, 528, 58 S.Ct. 651, 653, 82 L.Ed. 993) perhaps the quality of food and lodging to which the seaman is entitled is measured by that furnished by his Dutch vessel, and the cost of procuring such quality is determined by what the seaman would have to pay to obtain that quality at a reasonably selected place to which he went when he left the public hospital—a place which might be in Massachusetts or more likely at his home in the Netherlands.

In any event, it seems clear, with respect to the cure and maintenance claim, that inasmuch as the parties are Dutch, the applicable law is Dutch, many of the most important witnesses are in the Netherlands, and some of the calculations would best be made by a tribunal knowing Dutch standards, and that, in view of the availability and actual use made of the Brighton Public Health Service hospital, there is no occasion to assure "payment of American residents who furnished medical and other services", the fourth count should be dismissed for want of a convenient forum.

Count 1, being based on the Jones Act, is dismissed on the merits;

Count 2, being based on the general maritime law as applied as part of the law of the United States, is also dismissed on the merits;

Count 3, being based on Dutch law, is dismissed on the ground that this is an inconvenient forum;

Count 4, being a claim for cure and maintenance based on both the general maritime law and the Dutch law, is dismissed on the ground that this is an inconvenient forum.