Hendricks Johannes VOLKENBURG, P.P.A., Plaintiff, Appellant,

v.

NEDERLAND–AMERIK. STOOMV. MAATS, Defendant, Appellee.

No. 6232.

United States Court of Appeals First Circuit.

Heard March 2, 1964.

Decided Sept. 17, 1964.

Harry Kisloff, Boston, Mass., for appellant.

John T. Riley, with whom Leo F. Glynn and Glynn & Dempsey, Boston, Mass., were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

A minor citizen and resident of the Netherlands signed articles in the Netherlands for service as a seaman on a Netherlands flag, Netherlands owned, seagoing vessel. While the vessel was in Boston Harbor in the course of a voyage between foreign ports the seaman fell into the hold and was injured. He was taken to the Brighton Marine Hospital for treatment and eventually repatriated.

The seaman's father and next friend filed a complaint on the law side of the court below against the owner of the vessel and demanded a trial by jury. The complaint is in four counts. Count 1 asserts a claim under the Jones Act, count 2 asserts a claim under general maritime law for failure to provide a seaworthy vessel and a safe place to work, count 3 asserts a claim under the law of the Netherlands for negligence and "violations of all duties" owed under that law and count 4 asserts a claim under general maritime law and Netherlands law for maintenance and cure. The court below, after hearing on a

motion to dismiss, entered judgment dismissing counts 1 and 2 on the merits and counts 3 and 4 "on the ground that this is an inconvenient forum." The plaintiff appealed.

There is really little for this court to add to the carefully reasoned opinion of the District Court.

In Romero v. International Terminal Operating Co., 358 U.S. 354, 381–384, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959), the Court held in the light of its decision in Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953), that the maritime law of the United States, specifically including the Jones Act, may not be applied in an action at law involving an injury sustained in an American port by a foreign seaman on board a foreign vessel in the course of a voyage beginning and ending in a foreign country. This holding disposes of count 1 and also of count 2, insofar as the latter count asserts a claim under those rules of the general maritime law which are applied as part of the law of the United States.

The question remains whether the court below erred in not exercising its jurisdiction and applying whatever foreign law may be applicable. The general rule based upon earlier cases going back to The Maggie Hammond, 9 Wall. 435, 457, 19 L.Ed. 772 (1869), was stated in Langnes v. Green, 282 U.S. 531, 544, 51 S.Ct. 243, 248, 75 L.Ed. 520 (1931), as follows: "Admiralty courts, for example, have complete jurisdiction over suits of a maritime nature between foreigners. Nevertheless, 'the question is one of discretion in every case, and the court will not take cognizance of the case if justice would be as well done by remitting the parties to their home forum.' " * Certainly justice will be as well done in the Netherlands as here—no doubt better done for clearly the law of the Netherlands applies under

the rules enunciated in Lauritzen v. Larsen, supra. We see no reason whatever for not remitting the parties to their home forum, particularly in view of the fact that the seaman has been repatriated.

One more matter remains for consideration. The appellant complains of the failure of the court below to grant his motion for discovery "in order to ascertain the contract of the parties with respect to the governing law and to determine the true ownership of the vessel and its nationality." Apparently plaintiff-appellant's counsel entertains the vague hope of being able to show that the parties might have agreed to be bound by the Jones Act and that the vessel was in fact owned at least in part by United States interests thereby establishing "points of contact," Lauritzen v. Larsen, supra, between the accident and the United States. But counsel has shown no basis for his hope, and the motions for discovery under Rule 34 Fed.R.Civ.P. are not to be granted on mere supposition. Discovery may be allowed only to a party "showing good cause therefor," and no such cause appears. Counsel did not indicate to the court below and has not indicated to us any basis whatever to believe, contrary to obvious probabilities, that a Netherlands ship owner and seaman would agree to be bound with respect to their relations with one another by the law of a foreign country or even that Netherlands law would countenance any such an agreement. Nor has he shown any basis to suspect any United States interest in the vessel. Indeed, at the hearing in the court below he only indicated that he wished to show that the vessel was not legally registered under the law of the Netherlands, i. e., was not a "Dutch ship." This is not an issue, however, for: "The United States has firmly and successfully maintained that the regularity and validity of a registration can be questioned

---

* The court below was not sitting in admiralty but on the law side. This, however, we think makes no difference, for

the action before it was "of a maritime nature."

only by the registering state." Lauritzen v. Larsen, supra, 345 U.S. 584, 73 S.Ct. 929.

Judgment will be entered affirming the judgment of the District Court.