Thelma R. FLICKINGER, Administratrix of the Estate of Curtis D. Flickinger, Deceased, and Thelma R. Flickinger, Edward L. Flickinger, James P. Flickinger, Sally F. Walker, Connie F. Snyder and William D. Flickinger, Individually and as Heirs at Law of Curtis D. Flickinger, Deceased, Plaintiffs,

v.

AETNA CASUALTY & SURETY COMPANY, a corporation, and Merritt-Chapman & Scott Corp., a corporation, and Peter Heaton, Individually, Defendants.

Civ. No. 64–1116.

United States District Court
W. D. Pennsylvania.

June 28, 1965.

**534**

Lloyd F. Engle, Jr., of Wilner, Wilner & Kuhn, Pittsburgh, Pa., for plaintiffs.

Gerard F. Wrabley, of Reed, Egler, McGregor & Reinstadtler, Pittsburgh, Pa., for defendant, Aetna Casualty & Surety Co.

MARSH, District Judge.

Plaintiffs, the widow and children of Curtis D. Flickinger, filed the within action against their decedent's employer (Merritt-Chapman & Scott Corporation), the latter's workmen's compensation and employers' liability carrier (Aetna Casualty & Surety Company), and a fellow-employee of the decedent, alleging that the defendants were guilty of willful misconduct and negligence in connection with the decedent's fatal fall from an elevated platform or scaffold on October 28, 1963, while he was engaged in construction of a new tunnel on the Pennsylvania Turnpike. Damages are sought under the Pennsylvania Wrongful Death and Survival statutes, 12 P.S. § 1601 et seq.; 20 P.S. § 320.601 et seq.

Plaintiffs have moved pursuant to Rule 34, Fed.R.Civ.P., for production of the following from Aetna Casualty & Surety Company:

"1. All contracts of insurance, along with any and all attachments thereto, which have been in force between the Defendant, Aetna Casualty & Surety Company and the Defendant, Merritt Chapman & Scott Corporation, since January 1, 1958 up to the present date, or in the alternative, true and correct copies. thereof.

"2. All books, documents, reports, memoranda, records, correspondence and papers, of whatsoever nature, pertaining or relating to the contract performed by Merritt Chapman & Scott Corporation on the project known as Allegheny Tunnel Project No. 2 on the Pennsylvania Turnpike or pertaining to any equipment, tools or instrumentalities used or employed on said project, whether the same pertain to the use of such equipment, tools or instrumentalities on the said project or at some other location.

"3. All documents, memoranda, records, correspondence, reports and papers of whatsoever nature relating to any accidents or injuries on the said Allegheny Tunnel Project No. 2 from the date of commencement of work thereon by the Defendant, Merritt Chapman & Scott Corporation to the present time."

█ Unquestionably it is true, as plaintiffs' counsel has taken elaborate pains to impress upon this court, that "liberality" is a guiding principle in construction of the discovery rules. Unfortunately, there are occasions, and this is one of them, where "liberality" is employed as a shibboleth and substitute for a showing of "good cause". We well know that "Rule 34's good-cause requirement is not a mere formality, but is a plainly expressed limitation on the use of that Rule." Schlagenhauf v. Holder, 379 U.S. 104, 118, 85 S.Ct. 234, 242, 13 L.Ed. 2d 152 (1964). Good cause is not shown by "mere relevance to the case"; "[t]he ability of the movant to obtain the desired information by other means" is a relevant factor. Id.; Lichter v. Mellon-

Stuart Company, 24 F.R.D. 397, 399 (W.D.Pa.1959); 2A Barron and Holtzoff, Federal Practice and Procedure, § 796, pp. 428, 432, and § 799, pp. 458–459 (Wright ed. 1961); 4 Moore, Federal Practice, ¶ 34.05, p. 2437, and ¶ 34.08, p. 2451 (2d ed. 1963). And, of course, production will not be ordered "merely to serve the convenience of counsel, or as reassurance that counsel has overlooked nothing, or on a mere hope that the documents sought may be useful to the moving party." 2A Barron and Holtzoff, supra, pp. 426–428.

The blanket [1] requests for documents set forth in the second and third requests for production encompass fishing expeditions of the most blatant character and are objectionable as being unnecessarily oppressive and burdensome. Since there has been no showing that the objects [2] of those requests cannot be achieved and the scope of such requests limited by utilization of other discovery procedures, said requests for production will be denied outright.[3] Furthermore, there is no showing that the documents requested even exist. As Judge Stewart said in Tobin v. WKRZ, Inc., 12 F.R.D. 200, 201 (W.D.Pa.1952):

"[I]t should also be noted that while 'fishing expeditions' may be conducted under Rules 26 to 33 by the use of depositions and interrogatories, Rule 34 was not intended for such purpose. [Citation omitted.] The purpose of Rule 34 is not to discover what exists but to force the production of items that do exist. [Citation omitted.] An order to produce may not be made until the existence of the documents is established."

Respondent's counsel has indicated that he will voluntarily and promptly furnish to movants' counsel a copy of *the relevant* Workmen's Compensation and Employers' Liability insurance policy issued to Merritt-Chapman & Scott Corporation, together with all riders, attachments, etc., and since in the present setting of this case there is no showing of good cause for the production of any other contract of insurance issued by Aetna to Merritt-Chapman & Scott Corporation, or even any showing that such other contracts are in existence, the first enumerated request for production of documents will also be denied.

I take this occasion to reiterate my suggestion that plaintiffs' counsel consult with this member of the court with reference to any extension of time for discovery which may be *necessary* in light of the foregoing discussion.

An appropriate order will be entered.

---

1. See: 2A Barron and Holtzoff, supra, § 799, p. 455; 4 Moore, supra, ¶ 34.07, pp. 2443–2444.

2. At oral argument and in his brief, plaintiffs' counsel advised that he seeks to achieve two objectives by this motion: (1) ascertainment to an absolute certainty of whether or not Curtis D. Flickinger was in fact working on the elevated platform or scaffold at the time of his fatal accident, and if not, the nature of the work he was actually performing; (2) information which might tend to establish the legal duties owed to the decedent and which might lead to evidence substantiating the allegations of willful misconduct and negligence contained in the amended complaint. We cannot conceive, however, that all of the documents sought by the pending motion, or even most of them, are germane to such inquiries.

3. As in Sacco v. Greyhound Corporation, 24 F.R.D. 257, 259 (W.D.Pa.1959), we find occasion to quote the following passage from Martin v. Capital Transit Co., 83 U.S.App.D.C. 239, 240, 170 F.2d 811, 812 (1948):

"Rule 34 authorizes the District Court to order production of documents, papers, etc., upon motion of a party *'showing good cause,'* not upon a mere allegation or recitation that good cause exists. The rule contemplates an exercise of judgment by the court, *not a mere automatic granting of a motion.* The court's judgment is to be moved by a demonstration by the moving party of its need, for the purposes of the trial, of the document or paper sought. This view is confirmed by the Supreme Court in Hickman v. Taylor, 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L. Ed. 451." (Second emphasis supplied.)