**Constantine FILIPPOU, Plaintiff,**

v.

**ITALIA SOCIETA PER AZIONI DI NAVIZIONE, Defendant.**

**Civ. A. No. 65–811–F.**

United States District Court
D. Massachusetts.

May 18, 1966.

FRANCIS J. W. FORD, District Judge.

This is an action by a seaman to recover under the Jones Act and the general maritime law for injuries allegedly received while he was serving as a member of the crew of the vessel CRISTOFORO COLOMBO owned by the defendant. In the second count plaintiff ·asks for maintenance and cure, apparently for a separate illness.

The complaint alleges that plaintiff is a resident of Athens, Greece, that the defendant is a foreign corporation having a place of business in Boston and owner of the CRISTOFORO COLOMBO which is engaged in the carriage of passengers between Europe and the United States. It is silent as to the citizenship of plaintiff, as to the place where the injury occurred, as to the place where the voyage began and ended, and as to where plaintiff signed on as a member of the crew.

The general maritime law of the United States, including the Jones Act, is not applicable in an action at law involving an injury sustained by a foreign seaman on board a foreign vessel in the course of a voyage beginning and ending in a foreign country, even when the injury was sustained in an American port. While the admiralty courts of the United States do have jurisdiction over suits of maritime nature between foreigners, nevertheless such cases may properly be dismissed by the court in its discretion where there are no substantial contacts between the United States and the plaintiff's injury, the law of the United States is not applicable, and justice may as well be done by remitting the plaintiff to a more appropriate forum for litigation of his rights under whatever foreign law may be applicable. Romero v. International Terminal Operating Co., 358 U.S. 354, 381–384, 79 S.Ct. 468, 3 L.Ed. 2d 368; Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254; Volkenburg P.P.A. v. Nedereland-Amerik. Stoomv. Maats, 1 Cir., 336 F.2d 480; Zouras v. Menelaus Shipping Co., Ltd., 1 Cir., 336 F.2d 209.

Basil Yanakakis,· George Broomfield, Boston, Mass., for plaintiff.

Leo F. Glynn, Boston, Mass., for defendant.

The complaint here clearly fails to allege sufficient facts to bring this case within the Jones Act or the general maritime law of the United States. It likewise alleges no facts to indicate that this court is in any way a convenient forum for the determination of plaintiff's rights in this case.

Defendant's motion to dismiss is allowed.