**Sixto Torridio SERRANO**

v.

**EMPRESA LINEAS MARITIMAS AR-GENTINAS, a body corporate, and Ramsay, Scarlett and Company, Inc., a body corporate, and Baltimore Stevedoring Company of Baltimore City, a body corporate.**

**Civ. No. 16343.**

United States District Court
D. Maryland.
Aug. 30, 1966.

Paul Berman and Bayard Z. Hochberg, Baltimore, Md., for plaintiff.

Manfred W. Leckszas and Ober, Williams & Grimes, Baltimore, Md., for Empresa Lineas Maritimas Argentinas.

David R. Owen and Semmes, Bowen & Semmes, Baltimore, Md., for Ramsay, Scarlett and Co., Inc., and Baltimore Stevedoring Co.

THOMSEN, Chief Judge.

Empresa Lineas Maritimas Argentinas (Empresa), one of the defendants, has moved the Court to dismiss the amended complaint against it on the merits for failure to state a cause of action, or to decline jurisdiction and to dismiss the amended complaint.

Plaintiff is a citizen of Argentina, who at all material times in February and March 1965 was employed by Empresa (an Argentine corporation) as a member of the crew (second electrician) on the S.S. Granadero, an Argentine flag vessel.

The other two defendants, Ramsay, Scarlett & Company, Inc., and Baltimore Stevedoring Company are Maryland corporations. The amended complaint alleges that both of them were engaged in the business of stevedoring and were the local agents for Empresa and the Granadero while she was in the Port of Baltimore. The answer filed by the two Maryland defendants admits that Ramsay, Scarlett was the agent for Empresa and the Granadero, but denies that it was employed in working cargo

aboard the vessel. The answer further admits that Baltimore Stevedoring worked the cargo, but denies that it was the local agent for Empresa or the vessel. These facts are not disputed, and since no facts which would impose liability on the agent are alleged, it appears that Ramsay, Scarlett will eventually be dismissed. For the purposes of this opinion the two Maryland corporations will be referred to collectively as "defendant stevedores".

Briefly, the amended complaint alleges that between February 23 and February 27, 1965, the Granadero was moored in navigable waters in the Port of Baltimore, while defendant stevedores worked cargo aboard the vessel; that on March 1, 1965, while the vessel was moored in navigable waters in the Port of Philadelphia, plaintiff fell through a hatch and was injured; that his injuries were caused by negligence on the part of the defendants, by the unseaworthiness of the vessel and by the defendants' breaches of their obligations, specified in the amended complaint, including those owed while the vessel was moored in the Port of Baltimore during the time her cargo was being worked by defendant stevedores.

Jurisdiction is claimed: (1) against all defendants, upon the allegation that the cause of action arises under the general maritime law; (2) against Empresa, upon the allegation that the action also arises under the Jones Act, 46 U.S.C.A. § 688; and (3) against defendant stevedores upon diversity of citizenship, 28 U.S.C.A. § 1332(a) (2).

■ The undisputed facts which have been presented to this Court in connection with Empresa's motion show clearly that this case is controlled by the ruling in Romero v. International Terminal Operating Co., 358 U.S. 354, 381–384, 79 S.Ct. 468, 485, 3 L.Ed.2d 368 (1959), that the maritime law of the United States, specifically including the Jones Act, may not be applied in an action at law involving an injury sustained in an American port by a foreign seaman on board a foreign vessel in the course of a voyage beginning and ending in a foreign country. See also Lauritzen v. Larsen, 345 U.S. 571, 73 S.Ct. 921, 97 L.Ed. 1254 (1953); Gkiafis v. S.S. Yiosonas, D.Md., 254 F.Supp. 825 (1966); Volkenburg, P.P.A. v. Nederland Amerik. Stoomv. Maats, 1 Cir., 336 F.2d 480, 482 (1964), affirming D.Mass., 221 F.Supp. 925 (1963); Koziol v. The Fylgia, 2 Cir., 230 F.2d 651 (1956); Katelouzos v. The Othem, E.D.Va., 184 F.Supp. 526 (1960); cf. Note, 73 Harv.L.Rev. 84, 147 (1959).

■ It is conceded that Empresa is a bona fide Argentine corporation, that it is not owned or controlled by citizens of the United States, and that no flag of convenience is involved. Such cases as Southern Cross Steamship Co. v. Firipis, 4 Cir., 285 F.2d 651, 84 A.L.R. 2d 895 (1960), therefore, do not apply. The claim or claims which plaintiff may assert against Empresa are controlled by Argentine law. Plaintiff's claim against Empresa, based upon the Jones Act, must be dismissed.

■ Plaintiff has also alleged: "Jurisdiction against all defendants is based upon the fact that the cause of action arises under the general maritime law." If what is meant is that plaintiff has claims against Empresa under that aspect of the general maritime law which is applied as part of the law of the United States, those claims must be denied on the merits; *Romero, Volkenburg,* and other cases cited above. If what is meant is that plaintiff has a claim against Empresa under that aspect of the general maritime law which is applied in Argentina, he has not asserted that claim in the amended complaint. He should be given an opportunity to assert such a claim in this Court, which may have jurisdiction to consider the claim under the admiralty and maritime jurisdiction of the Court. That question cannot be decided until the claim is alleged and the Argentine law applicable to such claim is brought to the attention of the Court. Nor should this Court now decide whether it will ex-

ercise its discretion to retain jurisdiction over any claim so asserted or to decline jurisdiction, with appropriate safeguards, under the principles applied in such cases as The Fletero v. Arias, 4 Cir., 206 F.2d 267, cert. den. 346 U.S. 897, 74 S.Ct. 220, 98 L.Ed. 398 (1953); Giatilis v. The Darnie, D.Md., 171 F. Supp. 751 (1959); Mpampouros v. S.S. Auromar, D.Md., 203 F.Supp. 944 (1962); Gkiafis v. S.S. Yiosonas, D.Md., supra; Conte v. Flota Mercante Del Estado, 2 Cir., 277 F.2d 664 (1960); Repouskos v. Asturia Shipping Co. S.A., S.D.N.Y., 240 F.Supp. 124 (1964). Such decision should await a consideration of the exact claims under the Argentine law which may be asserted. Arguments both ways come readily to mind, and the decision will undoubtedly be influenced by the fact that defendant Baltimore Stevedoring has already filed a cross-claim for indemnity against Empresa herein, and that Empresa may assert a claim for indemnity against Baltimore Stevedoring.

Jurisdiction to consider such a claim by plaintiff against Empresa cannot be based upon 28 U.S.C.A. § 1331, *Romero*, supra, nor upon 28 U.S.C.A. § 1332, since there is no diversity of citizenship between plaintiff and Empresa. Such claim must be asserted as an admiralty and maritime claim. Before the amendment to the Federal Rules, effective July 1, 1966, such claim would have been asserted in a libel filed on the "admiralty side" of the Court. Since July 1, 1966, it should be asserted in a complaint which, since it is cognizable only in admiralty, is an admiralty or maritime claim for the purposes of the applicable Rules, whether so identified or not. Rule 9(h), F.R.Civ.P., as amended, and Advisory Committee's Note, set out in note [1] in the margin.

---

1. "9(h) Admiralty and maritime claims. A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 26(a), 38(e), 73(h), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty it is an admiralty or maritime claim for those purposes whether so identified or not. The amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15."

The Advisory Committee's Note to Rule 9(h) states:

"Certain distinctive features of the admiralty practice must be preserved for what are now suits in admiralty. This raises the question: After unification, when a single form of action is established, how will the counterpart of the present suit in admiralty be identifiable? In part the question is easily answered. Some claims for relief can only be suits in admiralty, either because the admiralty jurisdiction is exclusive or because no nonmaritime ground of federal jurisdiction exists. Many claims, however, are cognizable by the district courts whether asserted in admiralty or in a civil action, assuming the existence of a nonmaritime ground of jurisdiction. Thus at present the pleader has power to determine procedural consequences by the way in which he exercises the classic privilege given by the saving-to-suitors clause (28 U.S.C. § 1333) or by equivalent statutory provisions. For example, a longshoreman's claim for personal injuries suffered by reason of the unseaworthiness of a vessel may be asserted in a suit in admiralty or, if diversity of citizenship exists, in a civil action. One of the important procedural consequences is that in the civil action either party may demand a jury trial, while in the suit in admiralty there is no right to jury trial except as provided by statute.

"It is no part of the purpose of unification to inject a right to jury trial into those admiralty cases in which that right is not provided by statute. Similarly, as will be more specifically noted below, there is no disposition to change the present law as to interlocutory appeals in admiralty, or as to the venue of suits in admiralty; and, of course, there is no disposition to inject into the civil practice as it now is the distinctively maritime remedies (maritime attachment and garnishment, actions in rem, possessory, petitory and partition actions and limitation of liability). * * * *"

Whether such claim should be presented in a new complaint in a separate action, or may be presented in an amended or supplemental complaint in the present action, requires consideration of Rules, 13, 14, 18, 19, 20, 24 and 42(a), as they now stand, in addition to Rule 9(h). Those rules contemplate joinder of claims and remedies and the disposition of all related claims in one trial, where practicable. If plaintiff's claim against Empresa under the Argentine law is asserted in a separate suit, and if this Court decides that it can and should retain jurisdiction thereof, such suit might be consolidated with the present suit for all purposes. The questions which would be involved in deciding whether such a consolidation would be proper need not be discussed at this time.

■ If plaintiff's claim against Empresa under the Argentine law is asserted as an admiralty or maritime claim in an amended or supplemental complaint in this case, the question may be raised whether the addition of such a claim would destroy the diversity jurisdiction of the Court over the claims asserted by plaintiff against the defendant stevedores herein. Whether or not it is raised by the parties, a federal court must consider sua sponte whether federal jurisdiction exists.

If a substantial claim under the Jones Act could have been and had been alleged against Empresa, the joinder in the same civil action of the diversity claims against the stevedoring companies and the Jones Act claim against the employer would have been proper under *Romero*. "Since the Jones Act provides an independent basis of federal jurisdiction over the non-diverse respondent * * * the rule of Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435, does not require dismissal of the claims against the diverse respondents." Romero, supra, 358 U.S. at 381, 79 S.Ct. at 485.

The plaintiff, however, has failed to allege a substantial Jones Act claim against Empresa, in view of the controlling Supreme Court decisions, *Romero*, supra, *Lauritzen*, supra. As the Supreme Court stated in Hannis Distilling Co. v. City of Baltimore, 216 U.S. 285, 288, 30 S.Ct. 326, 327, 54 L.Ed. 482 (1910), a question is unsubstantial if "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy."

In the absence of a substantial claim under the Jones Act the question remains whether the rule of "complete diversity" found in Strawbridge v. Curtiss, 3 Cranch 267 (1806), would control such a joinder as is now being discussed.[2] Whether one conceives of the problem in terms of "pendent jurisdiction" or in the terms of some other label is less important that the result. The important questions in all such cases as this are whether the several causes of action are to be heard together or separately, and whether there should be a jury trial of plaintiff's action against his employer and a jury trial of his action against the other defendants. See the discussion in Kurland, The Romero Case and Some Problems of Federal Jurisdiction, 73 Harv.L.Rev. 817, 833–838 (1960); Currie, The Silver Oar and All that: A Study of the Romero Case, 27 U.Chi.L. Rev. 1, 41–65 (1959).

---

2. As we have seen, jurisdiction of the causes of action against defendant stevedores is asserted by plaintiff to be based (1) upon the fact that the cause of action arises under the general maritime law, and (2) upon diversity, 28 U.S.C.A. § 1332 (a) (2). The first ground would support jurisdiction of the causes of action against defendant stevedores in admiralty under the old rules and as an admiralty or maritime claim under the new rules. The saving-to-suitors clause, 28 U.S.C.A. § 1333, permits those claims to be asserted in a civil action with a right to jury trial in a state court, or in a civil action with a right to jury trial in a federal court if the requisite diversity of citizenship and amount in controversy exists. *Romero*, supra.

Those questions must now be decided in the light of the Federal Rules of Civil Procedure, as amended effective July 1, 1966. Those amendments were not intended to change any substantive right. Rule 38(e) provides: *"Admiralty and maritime claims.* These rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)."

The Advisory Committee's Note to Rule 9(h), as amended, specifically states: "It is no part of the purpose of unification to inject a right to jury trial into those admiralty cases in which that right is not provided by statute." It would be improper to allow plaintiff to improve his chance of obtaining a jury trial of his claim against his employer by alleging an unsubstantial or frivolous claim under the Jones Act. See by way of analogy Romero, supra; Bell v. Hood, 327 U.S. 678, 682–683, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062 (1933).

I conclude that the proper construction of the Federal Rules of Civil Procedure, as amended effective July 1, 1966, is that the joinder in one complaint (1) of an admiralty or maritime claim against plaintiff's employer of the same citizenship as plaintiff, and (2) a traditional diversity action against another defendant or defendants (such as the defendant stevedores herein), would not destroy the diversity jurisdiction of this court over the cause of action asserted against the defendants other than the employer. How subsequent proceedings in the case should be conducted must depend upon various considerations, which need not be discussed here.

Empresa's motion to dismiss the amended complaint against it for failure to state a cause of action is hereby granted, with leave to plaintiff to assert herein or elsewhere any claim it may have against Empresa under Argentine law.