Sixto Torridio SERRANO

v.

EMPRESA LINEAS MARITIMAS ARGENTINAS, a body corporate,

and

Ramsay, Scarlett & Company, Inc., a body corporate

and

Baltimore Stevedoring Company of Baltimore City, a body corporate.

BALTIMORE STEVEDORING COMPANY OF BALTIMORE CITY, a body corporate

v.

EMPRESA LINEAS MARITIMAS ARGENTINAS, a body corporate.

Civ. No. 16343.

United States District Court
D. Maryland.

Jan. 3, 1969.

Paul Berman, Baltimore, Md., for plaintiff.

Manfred W. Leckszas, Baltimore, Md., for Empresa Lineas Maritimas Argentinas.

David R. Owen, Semmes, Bowen & Semmes, Baltimore, Md., for Ramsay, Scarlett & Co., Inc., and Baltimore Stevedoring Co.

THOMSEN, Chief Judge.

After the first opinion of this Court herein, 257 F.Supp. 870 (1966), which should be read as part of this opinion, plaintiff filed a second amended complaint, alleging two causes of action:

First, a civil claim against Ramsay, Scarlett & Company and Baltimore Stevedoring Company (hereinafter, as in the earlier opinion, referred to collectively as "defendant stevedores").

Second, a claim against his employer Empresa Lineas Maritimas Argentinas (Empresa), alleged to be within the admiralty and maritime jurisdiction of this Court, based upon (1) the general maritime law as it would be enforced in the courts of Argentina,[1] (2) the Commercial Code of Argentina, Articles Nos. 1010–1013, and (3) the Civil Code of Argentina, Article 1109.

Empresa has moved the Court to decline to exercise its jurisdiction over the claim alleged against Empresa, for the reason that "plaintiff's rights against Empresa are * * * governed exclusively by the laws and statutes of Argentina, which are presumably better understood and applied by an Argentinian (sic) rather than an American court".

Defendant stevedores have filed a third-party complaint against Empresa, seeking indemnity, based upon alleged instructions given by the master and mates of the vessel and an alleged implied warranty. Empresa has not asserted a third-party claim against defendant stevedores.

At pretrial conferences herein plaintiff and Empresa agreed that plaintiff sought and received compensation benefits from Empresa under Law No. 9.688, commonly known as "Ley de Accidentes del Trabajo" (Work Accidents Law), including lost wages, medical treatment and a 5% disability award, and that he has returned to his maritime employment. Each side has presented the opinion of a Doctor Juris or Counsellor familiar with Argentine law. The doctors disagree as to whether the acceptance of compensation benefits under Law No. 9.688 bars an action for negligence, brought under the Commercial Code or the Civil Code,[2] but agree that no authoritative opinion has been rendered on the question by the Argentine courts.

The Fourth Circuit, this Court and the courts in other circuits have discussed

---

1. The allegations were so construed in an unreported memorandum and order filed herein on January 18, 1967.

2. The doctrine of unseaworthiness has apparently not been applied to benefit seamen in Argentina.

many factors which should be considered by a district court in deciding whether it should retain or decline jurisdiction under generally similar circumstances. The decisions of the Fourth Circuit are binding on this Court, and have been so regarded. In this case there is uncertainty about the Argentine law, and a forum in Argentina is readily available to plaintiff in which he may assert whatever rights he may have against Empresa before judges far better able than an American court to construe the Argentine law and to decide the legal questions. On the other hand some witnesses with knowledge of the circumstances of the accident or of the nature and extent of the original injuries are in Baltimore or Philadelphia. Moreover, Empresa will have to remain in this case until the third-party complaint against it is disposed of by trial or by settlement. The third-party complaint, however, will not require this Court to construe the Argentine law, since it is based upon alleged obligations running from Empresa to defendant stevedores and not upon any alleged obligations running from Empresa to plaintiff.

Under all the circumstances, this Court concludes that it should exercise its discretion to abstain from deciding whether plaintiff is entitled to recover against Empresa on the claims asserted in this case. Nevertheless, no order to that effect should be entered at this time. Such an order can and should be delayed until plaintiff's claim against defendant stevedores in this case has been disposed of by settlement or trial. · If the case goes to trial, plaintiff will have an opportunity to produce his witnesses, both factual and medical. Empresa will still be in the case and will be entitled to cross-examine the witnesses called by plaintiff or by defendant stevedores, to object to any evidence offered against it, and to offer evidence itself. Any evidence which would be admissible with respect to plaintiff's claim against Empresa but not with respect to the claims against or by defendant stevedores can be taken out of the presence of the jury. A transcript of the trial, together with the exhibits, can readily be sent to an Argentine court for any legal and appropriate use there, and the Argentine court can apply the Argentine law to the facts.

Empresa's motion is therefore denied at this time, without prejudice to Empresa's right to renew it at an appropriate time, as indicated above.