## 150

**UNITED STATES of America**

v.

**LING–TEMCO–VOUGHT, INC., Jones & Laughlin Steel Corporation and Jones & Laughlin Industries, Inc.**

**Civ. A. No. 69–438.**

United States District Court, W. D. Pennsylvania.

Feb. 20, 1970.

John C. Fricano and William B. Slowey, Justice Dept., Antitrust Division, Washington, D. C., Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for the United States.

Allen C. Homes, Cleveland, Ohio, Edmund K. Trent, Harold R. Schmidt, Pittsburgh, Pa., for defendants.

## OPINION

ROSENBERG, District Judge.

Presently before me for consideration is the Motion of the defendants, Ling-Temco-Vought, Inc. and Jones & Laughlin Industries, Inc. for the production of documents under Rule 34 of our Federal Rules of Civil Procedure.[1]  By this mo-

---

1. Rule 34 provides that "upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain

tion, the defendants seek to obtain a vast quantity of information from investigations conducted over a long period of time by various agencies of the United States Government concerning, amongst other things, reciprocity and competitive products in the steel industry, as well as of merger movements and concentration of assets in mining and manufacturing.

The complaint in this civil action filed by the United States Government under the Clayton Antitrust Act, 15 U.S.C. § 25 et seq. seeks to have declared illegal the acquisition by the defendants Ling-Temco-Vought, Inc. ("LTV") and Jones & Laughlin Industries, Inc. (J & L Industries) of the common stock of Jones & Laughlin Steel Corporation (J & L Steel), and requires the defendants LTV and J & L Industries to divest themselves of all ownership interest in J & L Steel.

On September 16, 1969, I approved a stipulation between the parties, whereby the United States agreed to make available to the defendants a large number of documents which it could reasonably anticipate would be necessary for the defendants to possess in order to prepare their defense adequately. The items requested in this motion therefore are interpreted as requesting those articles which might be encompassed in the broad sweeping demands of the motion and not specifically allowed by the stated stipulation. Notice should be taken of the fact that by the terms of the stipulation, the Government has agreed to provide the defendants with a very large amount of information.[3]

evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control * * * "

2. Section B of the Stipulation, entitled "Schedule of Documents to be Produced" provides that the Government will provide: "1. All complaints issued by the Department of Justice or the Federal Trade Commission under Section 7 of the Clayton Act from and after January 1, 1951—other than complaints against LTV —which involved acquisitions by any corporation, engaged in mining and/or manufacturing, which is listed on Plaintiff Deposition Exhibit No. GX122, or which involved any predecessor of any such corporation listed on that exhibit * * * "

In addition, the Government has agreed to provide:

"2. All documents obtained by the Department of Justice from (a) other executive departments, (b) the Federal Trade Commission, and (c) any person or source not constituting a part of the Government of the United States (including documents received from any person specially employed by plaintiff in relation to this action)—other than any documents furnished in response to the specifications either of any Civil Investigative Demand or of Plaintiff's motion for production of documents in this action—which discuss, mention or refer to any of the following and which were prepared, sent or received on or after the beginning dates indicated below:

(i) reciprocity or reciprocity effect, or the absence thereof, in the marketing of products or services sold or purchased by defendant J & L Steel or by any other steel company (beginning January 1, 1960);

(ii) reciprocity or reciprocity effect, or the absence thereof, in the marketing of products or services sold or purchased by LTV (beginning January 1, 1960);

(iii) any acquisition involving any corporation or a predecessor corporation thereof engaged in mining and/or manufacturing, which is listed on Government's Deposition Exhibit No. 122, including the acquisition of J & L Steel by LTV and the offer of LTV to acquire Youngstown Sheet & Tube Company (beginning January 1, 1951);

(iv) to the extent not furnished under (ii) above, any acquisition involving (1) any steel company and (2) any other company whether or not engaged in the steel industry (beginning January 1, 1951);

(v) concentration resulting from acquisitions in the categories described in paragraphs 16–18 and 33(c) of the complaint as "mining" and/or "manufacturing" (beginning January 1, 1951);

(vi) mining concerns and/or manufacturing concerns as a group and/or both such groups of concerns, or any narrower groups of mining and/or manufacturing concerns, as a line of commerce for pur-

The Government resists the motion because it contends that the production of the documents sought by the defendants would require the concerted efforts of the entire staff of the Antitrust Division of the Department of Justice, and would consume a considerable amount of time. It further argues that the matter requested is so remote as to be undiscoverable.

On a Rule 34 motion, the movant is required to demonstrate that the request is made for "good cause" and for the purpose of securing documents which are related to matters within the scope of examination, that is, the matters desired, must be sought in good faith and be material to the litigation. Volkenburg P. P. A. v. Nedereland Amerik, Stoomv. Maats, 336 F.2d 480, C.A. 1, 1964; United States v. R. J. Reynolds Tobacco Co., 268 F.Supp. 769 (E.D.N.J. 1966). "Rule 34's good-cause requirement is not a mere formality, but is a plainly expressed limitation on the use of that Rule." Schlagenhauf v. Holder, 379 U.S. 104, 118, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964).

The purpose of the Rules of Civil Procedure relating to discovery is to require the production of materials which may aid in the speedy determination of a trial. Robison v. Transamerica Insurance Co., 368 F.2d 37, C.A.10, 1966.

The Rules are intended to procure the truth and the factual circumstances as they relate to the matter for the purposes of avoiding long drawn-out trials, by narrowing the points in dispute. Besly-Welles Corp. v. Balax, Inc., 43 F. R.D. 368 (E.D.Wis.1968). The goal is to "permit a litigant to obtain whatever information he may need to prepare adequately for issues that may develop without imposing an onerous burden of information gathering on his adversary." K. S. Corp. v. Chemstrand Corporation, 203 F.Supp. 230, 232 (S.D.N.Y.1962). However, "discovery is not unbridled and not unlimited." Hecht v. Pro-Football, Inc., 46 F.R.D. 605 (D.C.D.C.1969).

In *Reynolds*, supra, the Court summarized the problems of discovery in complex litigation by stating that "discovery must be kept in bounds by weighing the burdens of production against the importance of the information sought." 268 F.Supp. at 774.

In the instant case, the defendants have requested a vast amount of information without a showing of either "good cause" or relevancy, and have couched their request in the very broadest terms imaginable without any degree of specificity. "* * * blanket requests for documents * * * encompass fishing expeditions of the most blatant character and are objectionable as

poses of this action (beginning January 1, 1951);

(vii) potential competition between LTV and J & L Steel in any industry or product line or in the acquisition of any company (beginning January 1, 1968)."

It was further agreed that the Government would supply "all public documents pertaining to any of the matters specified in subparagraphs 2(i) through 2(vii) above, which were inspected by the Department of Justice in relation to this action.

"*Provided that* (a) Plaintiff shall be entitled to seek a protective order with reference to any document produced pursuant to this Motion; (b) Plaintiff shall not to be required by a federal statute or by a rule of federal civil or criminal procedure, or by a controlling decision of a federal court, if Plaintiff files, with respect to any document so withheld, a statement signed by a responsible officer of the Department of Justice setting forth as to each such document:

(i) the name of the sender(s) of the document;

(ii) the name of the recipient(s) of the document;

(iii) name(s) of person(s) to whom copies were sent;

(iv) job title of every person named in (i), (ii) and (iii) above;

(v) date;

(vi) general subject matter;

(vii) the statute, rule or decision which is claimed to prohibit disclosure."

being unnecessarily oppressive and burdensome." Flickinger v. Aetna Casualty & Surety Company, 37 F.R.D. 533 (W. D.Pa.1965).

The facts in this case are, to a limited extent, similar to those considered in Jack Loeks Enterprises v. W. S. Butterfield Theatres, 13 F.R.D. 5 (E.D.Mich. 1952) where the plaintiff's demand covered every written article in the defendants' possession concerning the operation of over one hundred theatres throughout the State of Michigan, and covering a time span of twenty-five years. While the Court there was not moved by the claim that to require production would be an onerous task, it did state at page 8 that a court "* * * should exercise rigid control over discovery proceedings to the end that the party demanding production is given every opportunity to prepare for trial while protection is afforded the opposing party against capricious demands and harassment. In such cases a piece-meal allowance of the requests for discovery may involve a number of hearings and more argument but should nevertheless eventually prove less cumbersome and more productive of satisfactory results."

Rule 34 requires a showing of good cause in order to provide a court with a basic foundation upon which it may grant a discovery order. But, where as here, such an elaborate demand is made as on the surface would seem to indicate either a desire to be provided with material for a fishing expedition or for the purpose of annoying or disconcerting opposing litigants or their counsel, good cause becomes an absolute necessity before a court can possibly compel production on a scale of such sweeping proportions. I have examined the demand made for the production of these items, and since the defendants have not demonstrated any compelling necessity or sound reason for requiring the Government to comply with such an extensive production demand, I am unable to make a finding of good cause upon which basis such a demand may be here allowed. Schlagenhauf v. Holder, supra. In addition, from the nature of the stipulation entered into between the parties concerning production of documents in the possession of the Government, it is apparent that the Government is attempting to provide the defendants with a broad range of material with which to prepare their defense. Therefore, because of the failure of the defendants to show good cause, materiality, and greater specificity in their demands for discovery, the motion will be denied.